418 A.2d 586

**Robert Dallas BRIGGS, Appellant,**

v.

**Winfield SACKETT, Emma Sackett and Shirley A. Briggs.**

Superior Court of Pennsylvania.

Argued June 5, 1979.

Filed Feb. 8, 1980.

14

Leonard B. Rosenthal, Philadelphia, for appellant.

Jay H. Karsch, Doylestown, for appellees.

Before PRICE, HOFFMAN and DOWLING, JJ.*

HOFFMAN, Judge:

Appellant's contentions may be summarized as follows: (1) the lower court applied an improper standard in evaluating appellees' claim of partial performance of an oral contract; and (2) appellees failed to sustain their burden of proof of part performance.[1] We disagree and, accordingly, affirm the order of the court below.

Appellant, Robert Briggs, and his wife are record owners of a home located at 167 Lower Orchard Drive, Levittown, Pennsylvania. Appellees, Winfield and Emma Sackett, have occupied the home since 1962. Mrs. Briggs and Mrs. Sackett are sisters.[2]

The Briggs purchased the Orchard Drive home in 1955, making a $100.00 down payment and borrowing the balance of the $11,600 purchase price on a 30 year mortgage. The monthly carrying charge on the mortgage was $82.57. In late 1961, the Briggs vacated the home and, several months thereafter, in 1962, the Sacketts moved in. At that time, the Sacketts paid three months arrearages on the Briggs' mortgage and a delinquent water bill. The Sacketts have continued to occupy the Orchard Drive home until the

---

* Judge JOHN C. DOWLING, of the Court of Common Pleas of Dauphin County, Pennsylvania, is sitting by designation.

1. Appellant also makes specific contentions regarding the inadequacy or inadmissibility of certain of appellees' evidence of improvements to the property. Because we do not base our finding of part performance upon the existence of permanent improvements, any error in admission of such evidence was not prejudicial to appellant. Similarly, appellant was not prejudiced by any error in admitting evidence of the Sacketts' income tax deductions for mortgage interest and real estate taxes paid. Finally, we do not separately discuss appellant's contentions that inequity and unjustness are insufficient to take an oral contract out of the statute of frauds because it is comprehended within the contention that a showing of permanent improvements is necessary.

2. Mr. and Mrs. Briggs have been separated since 1975. Because Mrs. Briggs refused to join in her husband's suit against the Sacketts, she was joined as an additional defendant. At trial, Mrs. Briggs testified to the existence of the oral agreement alleged by the Sacketts.

present, paying the monthly carrying charge on the mortgage and other expenses relating to the property.

On June 23, 1976, Robert Briggs filed an ejectment action in equity against the Sacketts. The Sacketts responded that, although the Briggs were record owners of the home, the Sacketts were the equitable owners by virtue of an oral agreement of sale entered into in 1962. They further contended that, in 1961, the Briggs were in financial difficulty and did not wish the house sold at sheriff's sale because of the absence of a resale market for Levitt homes at that time. The alleged consideration for the sale of the home was the payment of the mortgage arrearages and water bill by the Sacketts. The Sacketts therefore entered a counterclaim for specific performance of the oral contract. Robert Briggs denied the existence of an agreement and alleged that the relief sought in the counterclaim was barred by the statute of frauds.

The chancellor found that an agreement between the parties existed which was removed from the statute of frauds by the doctrine of part performance. Consequently, she ordered the Briggs to execute a deed conveying the premises to the Sacketts. Robert Briggs' exceptions to the chancellor's decree were denied by the lower court en banc. The en banc court agreed with the chancellor's finding of part performance by virtue of the reliance of the Sacketts upon the oral contract and their performance pursuant to that contract. Robert Briggs then took this appeal.

The statute of frauds provides that oral contracts for the sale of land are invalid. 33 P.S. § 1. Where, however, the party seeking to enforce the conveyance has partially performed the contract, so as to render recission inequitable and unjust, the contract may be outside the operation of the statute. *See, e. g., Hancock v. Melloy*, 187 Pa. 371, 41 A. 313 (1898). "[I]t is well settled that the statute prevents the entry of a decree of specific performance against the vendor under the oral contract, . . . unless it appears that continuous and exclusive possession was taken under the contract *and* improvements were made

by the vendee not readily to be compensated in money, or other equitable considerations make it impossible to do justice save by specific performance." *Haskell v. Heathcote*, 363 Pa. 184, 69 A.2d 71 (1949) [3] (citing *Moyer v. Moyer*, 356 Pa. 184, 51 A.2d 708 (1947); *Zlotziver v. Zlotziver*, 355 Pa. 299, 49 A.2d 779 (1946); *Axe v. Potts*, 349 Pa. 345, 37 A.2d 572 (1944); *Hartzell's Estate*, 114 Pa.Super. 190, 173 A. 842 (1934)) (emphasis in original). Although some of our cases have articulated the second requirement more narrowly, requiring a showing of permanent improvements to the property, *see, e. g., Hart v. Carroll*, 85 Pa. 508, 510 (1877), the great majority of the cases employ the broader formulation of the standard quoted above. *See, e. g., Klingensmith v. Klingensmith*, 375 Pa. 178, 100 A.2d 76 (1953); *Brotman v. Brotman*, 353 Pa. 570, 46 A.2d 175 (1946). Among the relevant "equitable considerations" which may justify a decree of specific performance is the amount of time which has passed prior to the vendor's challenge to the vendee's possession. *Rarry v. Shimek*, 360 Pa. 315, 62 A.2d 46 (1948). This time factor is considered because it would be inequitable to aid one who has induced another's detrimental reliance by his failure promptly to pursue his rights. *Id.*, 360 Pa. at 321, 62 A.2d at 49.

■ Robert Briggs asserts that, in order to show part performance of an oral land sales contract, the vendee must prove that he has made permanent improvements to the property which could not be compensated in damages. This interpretation of the law ignores the majority of the cases which state that improvements *or* other equitable considerations may remove a land sales contract from the statute. *See Haskell v. Heathcote, supra.* Even the case relied upon by Mr. Briggs recognized the basic requirement of the doctrine that there must be "part performance by the vendee which could not be compensated in damages, and such as would make recission inequitable and unjust." *Hart*

**3.** The *Haskell* case was subsequently overruled on procedural grounds not relevant to this matter. *Brown v. Hahn*, 419 Pa. 42, 48, 213 A.2d 342, 345 (1965).

*v. Carroll, supra,* 85 Pa. at 510. Thus, the rule urged upon us constitutes an unnecessarily narrow interpretation of the law, and the lower court did not err in applying the broader standard of part performance articulated by our case law.

■ . Briggs' second contention, that the Sacketts failed to sustain their burden of proof of part performance, is likewise without merit. The opinions of the chancellor and the court en banc reveal that the Sacketts moved from their home into that of the Briggs, giving up the opportunity to acquire an equity interest in another property, with the understanding that they were buying the Briggs' home. The value of this forbearance pursuant to the oral agreement with the Briggs could not be determined. Moreover, during the 14 years in which the Sacketts inhabited the home on Orchard Drive, Robert Briggs never visited, sought rent, checked on the condition of the home, or otherwise asserted any interest in the property. Under these circumstances, we agree with the conclusion of the lower court that there was sufficient evidence of part performance of the oral contract to render it specifically enforceable. The court did not abuse its discretion in so finding. *See Payne v. Kassab,* 468 Pa. 226, 234, 361 A.2d 263, 267 (1976).

Order affirmed.