## Persing v. Marting

*Harold G. Nabhan,* for plaintiffs.
*F. Paul Laubner,* for defendants.

MELLENBERG, *J.,* November 5, 1984 — This case comes before the court on the complaint of plaintiffs seeking monetary damages and to eject defendants from their real estate. The facts determined by the court after trial without a jury upon which this opinion is based are as follows.

Roger Persing is the owner of real estate known as 908-916 South Fourth Street and contiguous tracts of land in Allentown, Lehigh County, Pa., which he acquired by deed dated August 31, 1965, and recorded in Deed Book Volume 1977 at page 286 in the Recorder of Deeds Office of Lehigh County.

On May 10, 1978, plaintiff entered into a lease agreement with Collex Leasing Inc. (hereinafter Collex) of a portion of the land located at 1008 Fourth Street, Allentown, Pa. as described in the aforesaid deed. The terms of the lease provided for a 15-year leasehold interest commencing June 9, 1978, and terminating May 31, 1992, at prescribed monthy rental, none of which is in dispute or pertinent to the matter before the court except that defendant, Don Marting Inc., contends it occupies the premises as an assignee of said lessee. Defendant, Don Marting Inc., entered onto and occupied the premises about two months after the initial leasing date, and thereafter for three months commencing September 9, 1978, forwarded to plaintiffs the agreed-to rental with a covering letter indicating that the rent was being paid on behalf of the lessee, Collex. The prescribed rental has been paid each and every month thereafter by Don Marting Inc., but with no accompanying letter to indicate that it was in payment of the rent due by Collex.

Donald Marting individually never occupied the plaintiff's premises under the guise of any lease or assumed any individual obligation with respect to

the occupancy of the premises. The rents were paid to the plaintiffs without a covering letter of instructions or explanation commencing in January, 1979, by Don Marting Inc. because Collex had assigned the lease to Don Marting Inc. Plaintiff, Roger Persing, was orally informed of the assignment. No assignment in writing was forwarded to plaintiff for approval. Don Marting informed plaintiff, Roger Persing, in March or April 1980, that Collex had filed a petition in bankruptcy to which Roger Persing responded that this would "not make any difference with things here."

On April 26, 1982, plaintiff, Roger Persing, wrote to defendants indicating that the bankruptcy of Collex was a violation of a provision of the lease and that, accordingly, defendant, Don Marting Inc., was to vacate the premises. Defendant refused to comply with plaintiff's multiple demands to vacate contending it was in possession of the premises by virtue of it being an assignee of the lease and the fact that the assignor of the lease was bankrupt was immaterial. This action in ejectment ensued.

The issue before the court in an action for ejectment is who is entitled to the right of possession. See Vlachos v. Witherow, 3 D. & C. 2d 698, 76 (1952) aff'd, 383 Pa. 174, 118 A.2d 174 (1955); Hakim v. Abe N. Solomon Realty Co. Inc., 65 Luzerne L. Reg. 202, 203 (1975). Plaintiffs claim that the lessee, Collex, violated the lease by filing a petition in bankruptcy, and since bankruptcy constituted a breach of the lease, there was a default which allowed plaintiffs to re-enter and eject defendants. Plaintiffs also claim that there has been no valid assignment of the lease and no written lease, and since the lease is in excess of three years it violates the statute of frauds. Therefore, this court must decide if the oral lease or assignment violates the stat-

ute of frauds to determine who is entitled to possession of the premises located at 1008 Fourth Street.

The Statute of Frauds, Act of April 6, 1951, P.L. 69, Art. II §§202 and 203, 68 P.S. §§250.202 and 250.203, requires leases and assignments which are longer than three years to be in writing, and it also states that oral leases, which are recognized by payment, shall become periodic tenancies from year to year. Since this particular statute of fraud is a declaration of public policy, it may be waived by failing to raise the issue in a responsive pleading[1] or by the doctrine of partial performance.

Defendants argue that the lease is outside of the statute of frauds because they have met the requirements of partial performance, or in the alternative, that Don Marting received a letter from plaintiffs which is sufficient to bring it outside the statute of frauds. Plaintiffs argue that oral leases in excess of three years are not unenforceable by the statute of frauds but become tenancies at will, and that mere receipt of rent is not sufficient for the statute of frauds. Plaintiffs claim that their acceptance of rent created a tenancy at will with defendants and therefore, either party may terminate the tenancy.[2] The

---

1. See American Leasing .v. Morrison Co., 308 Pa. Super. 318, 454 A.2d 555 (1982). Defendants argue that plaintiffs have waived the statute of frauds because of their failure to raise it in a responsive pleading. Since the issue was raised at trial and briefed by counsel, we will discuss the merits.

2. Plaintiffs rely on Blumer v. Dorfman, 447 Pa. 131, 289 A.2d 463 (1972), and Ripple v. Pittsburgh Outdoor Advertising, 280 Pa. Super. 121, 421 A.2d 435 (1980). Neither case involved proof of partial performance and therefore are not controlling. See Laneco Inc. v. Stop and Go of Easton Inc., 23 D. & C. 3d 661, 667 (1981), (part performance was not established in Blumer and the case was within the statute of frauds).

elements of partial performance are: (1) continuous and exclusive possession under the lease and (2) improvements made by the lessee not readily to be compensated in money or other equitable considerations which make it impossible to do justice except by specific performance. Briggs v. Sackett, 275 Pa. Super. 13, 16-17, 418 A.2d 586, 588 (1980); Laneco Inc. v. Stop and Go of Easton Inc., 23 D. & C. 3d 661 (1981).

To determine whether there was continuous and exclusive possession under the lease, this court must decide if there was a valid assignment of the lease. See Laneco Inc. v. Stop and Go of Easton Inc., supra, (the court determined that an assignee had exclusive and continuous possession under a lease when the lessor's predecessor approved of the assignment in an amendment to the lease and the fact that the lessor did not sign the lease amendment was of no importance because the lease amendment merged with the lease agreement).

Although the lease did contain a covenant against assignment without the landlord's consent, that covenant can be waived by the landlord's recognition of assignee and acceptance of his rent payments. Sferra v. Urling, 324 Pa. 344, 347, 188 A. 185, 186 (1936). See also Cohen v. Bernard, 65 D. & C. 489, 493-494 (1948), (landlord's acceptance of rent from an assignee constituted a waiver of the provision requiring the landlord's consent to an assignment).

In this instance, plaintiff-landlord has accepted rent paid by defendant, Don Marting Inc. from 1979 until the present, and by a remark made to Mr. Marting after being informed of Collex's petition in bankruptcy has orally accepted defendant as a tenant. Therefore, there is sufficient evidence to support a finding and the court so finds, that there was

a valid assignment with plaintiffs' consent and that the assignment merged with the lease agreement. Since the assignment merged with the lease agreement, defendants have had continuous and exclusive possession under the lease. See Laneco Inc. v. Stop and Go of Easton Inc. supra.

The court must now decide if the second requirement of partial performance has been met. In determining whether the second requirement has been met, courts have employed a broad interpretation and have only required other equitable considerations. Briggs, v. Sackett, supra at 17, 418 A.2d at 589.

"Among the relevant 'equitable considerations' which may justify a decree of specific performance is the amount of time which has passed prior to the vendor's challenge to the vendee's possession. Rarry v. Shimek, 360 Pa. 315, 62 A.2d 46 (1948). This time factor is considered because it would be inequitable to aid one who has induced another's detrimental reliance by his failure promptly to pursue his rights. (Cite omitted.)" Briggs v. Sackett, supra, at 17, 418 A.2d at 589. See also Laneco Inc. v. Stop and go of Easton Inc., supra.

In this instance plaintiffs waited two years after learning that Collex filed a petition in bankruptcy, and accepted rental payments for four years from defendant, before pursuing their rights. During that time defendants have relied upon plaintiffs' actions by faithfully paying rent and maintaining a place of businesss at these premises. To cause defendant, Don Marting Inc. to move would not serve any justice but create further inequities because defendant may lose goodwill by moving its business.

We are of the opinion that defendants have met the requirements of partial performance and the assignment is not within the statute of frauds. There-

fore, plaintiffs cannot succeed in their action for ejectment and defendants have the right to retain possession of the premises under the terms of the lease.[3]

ORDER

Now, November 5, 1984, after trial without jury, for the reasons set forth in the attached opinion, it is hereby ordered that plaintiffs', Roger and Judith Persing, action in ejectment and for monetary damages is denied and judgment is entered in favor of defendants, Don Marting and Don Marting Inc.

3. Since defendants have met the requirements of partial performance, we need not consider whether the letter which Don Marting testified that he received from plaintiffs was sufficient to satisfy the statute of frauds.