508 A.2d 334

Catherine HEINSDORF, Administratrix of the Estate of
Michael Heinsdorf and Catherine Heinsdorf In Her
Own Right, Appellant,

v.

JOHNS–MANVILLE CORPORATION, Johns-Manville Sales
Corporation, Raymark Industries, Inc., Forty-Eight Insula-
tion, Nicolet Industries, Pittsburgh Corning Corporation,
GAF Corporation, Armstrong Cork Company, Unarco Indus-
tries, H.K. Porter Co., Eagle-Picher Industries, Inc., Southern
Asbestos Company, Delaware Asbestos and Rubber Co., Fibre-
board Corporation, Pabco Industrial Products Division,
Keene Corporation, Glen Alden, Rapid American, Turner Ne-
wall Ltd., Keasbey Matison Company, Certain-Teed Products
Corp., U.S. Rubber Company, Pacor, Celotex Corporation,
Philip Carey Manufacturing Co., Amatex Corporation, Ow-
ens-Corning Fiberglas, Asbestos Textile Institute, Uni-Royal,
Carolina Asbestos, J. Franklin Burke, General Asbestos, As-
bestos Textile Company, Thermoid Company, Asten-Hill Man-
ufacturing Co., Ruberoid Company, Appellees.

Superior Court of Pennsylvania.

Argued Dec. 17, 1985.

Filed May 7, 1986.

Joseph D. Shein, Philadelphia, for appellant.

Steven Revy, Philadelphia, for appellees.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

CAVANAUGH, Judge:

In this case the plaintiffs below, Catherine Heinsdorf, Administratrix of the Estate of Michael Heinsdorf and Catherine Heinsdorf in her own right, the appellants herein, filed a wrongful death and survival action based on the "deceased's husband's exposure to defendants' asbestos products." On July 16, 1981, the appellants filed a motion to amend the complaint to aver a "newly diagnosed injury to wife-plaintiff" alleging that "Catherine Heinsdorf was diagnosed as having an asbestos-caused disease, pleural thickening on 6–7–79 by Dr. Irving B. Wexlar." On November 1, 1982 the court below, by Takiff, J., denied the petition to amend on the basis of the statute of limitations bar, as the petition to amend was filed more than two years after Catherine Heinsdorf's diagnosis and the acquisition by her of the knowledge of the disease.[1]

On appeal, the appellants contend for the first time that
*"The lower Court's ruling was grounded upon an averment in plaintiff's petition to amend which is*

---

1. The statute of limitation set forth at 42 Pa.C.S. § 5524 (2) provides:

   **§ 5524. Two year limitation**

   The following actions and proceedings must be commenced within two years:

   (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

*clearly erroneous.   Plaintiff was not diagnosed as having asbestos related pleural thickening on June 7, 1979.* In fact, the June 7, 1979 x-ray report of Dr. Wexlar unequivocally stated that there was "no evidence of pleural thickening" found on plaintiff's x-rays.   (R. 6). (Emphasis added.) [2]

The issue of errors in the petition to amend the complaint has been waived on appeal under Pa.R.A.P. 302(a) which provides: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." [3]   As noted in *Staiano v. Johns-Manville Corp.*, 304 Pa.Super. 280, 293, 450 A.2d 681, 687 (1982):

> The rule that an issue not argued below may not be argued on appeal is designed to promote the orderly and efficient use of judicial resources.   If the lower court is given an opportunity to address an issue, it "is more likely to reach a satisfactory result, thus obviating the

**2.**   If plaintiff's counsel negligently set forth incorrect dates as to crucial matters in the petition to amend the complaint, it is untimely to complain on appeal that the lower court erred when it relied on the facts alleged, and the error, if any, was not called to the attention of the court below.   This would be so even in the absence of Pa.R.A.P. 302(a).

**3.**   Appellants allege in the brief filed on appeal that "Plaintiff raised the issues herein at the time of the filing of its Petition to Amend the Complaint and Brief in support thereof" (Appellants' brief page 6.) This is totally incorrect.   The issue on appeal is whether appellants may amend the petition to amend because of inaccurate statements in the petition to amend.   Nowhere in the court below was this issue raised.

In the memorandum of law filed by plaintiffs in the court below it was alleged that: "In that Opinion [*Cathcart v. Keene Industrial Insulation*, 324 Pa.Super. 123, 471 A.2d 493 (1984) ] this Court held, inter alia, that the wife's claims for emotional distress arising from her acquisition of the knowledge that she could develop an asbestos-related injury arose at the point that she was diagnosed as having such an injury.   Obviously, such development of an asbestos-caused disease also creates a cause of action for that injury."

In the Petition to Amend, plaintiffs below alleged that Mr. Heinsdorf "was diagnosed as having an asbestos-caused disease, pleural thickening on 6–7–79 by Dr. Irving B. Wexlar."   It is only on appeal that plaintiffs below have alleged that this statement is erroneous.   Appellate counsel do not further their cause when they allege matters, whether inadvertently or not, that are not supported by the record.

need for appellate review...." *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 259, 322 A.2d 114, 117 (1974).

See also *Vend-A-Matic, Inc. v. Frankford Trust Co.*, 296 Pa.Super. 492, 442 A.2d 1158 (1982).

The appellants' new counsel alleges in referring to Dr. Wexlar's report at page 11 of appellants' brief:

> *Unfortunately, this report was apparently misinterpreted by wife-plaintiff and the law firm that had represented her at that time. This is evidenced by the fact that in July 1981, plaintiff's lawyers filed a petition to amend the complaint in this matter averring erroneously that plaintiff had been diagnosed as having asbestos related pleural thickening by Dr. Wexlar on June 7, 1979.* (Emphasis added.)

The appropriate time and place to raise any alleged errors in the petition to amend was in the court below prior to taking an appeal to this court and having failed to do so the issue is waived on appeal.

Order affirmed.