526 A.2d 1216

**Frank J. VALVANO and Pamela B. Valvano, His Wife, Appellees,**

v.

**Joseph E. GALARDI and Kaye L. Galardi, His Wife, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1987.

Filed June 4, 1987.

A. Richard Caputo, Wilkes-Barre, for appellants.

William J. Oliver, Scranton, for appellees.

Before CAVANAUGH, OLSZEWSKI and MONTEMURO, JJ.

CAVANAUGH, Judge:

The issue in this case is whether the statute of frauds bars specific performance of a written agreement to grant a right of way over land deeded to the appellants pursuant to the agreement.

The appellees, Frank J. Valvano and Pamela B. Valvano, owned approximately 30 acres of land in Glenburn Township, Lackawanna County. They decided to sell approximately 10 acres fronting on Gravel Pond Road and the appellants, Joseph E. Galardi and Kaye L. Galardi, were interested in purchasing the land. The Galardi's retained a real estate broker who prepared an agreement of sale which referred to "Special Clauses," see attached Exhibit "A". The agreement of sale was signed by the Galardis. The agreement was rejected by the Valvanos whose attorney then prepared an "Amendment to Agreement of Sale" which was signed by Mr. and Mrs. Valvano and Mr. Galardi. It was not signed by Kaye L. Galardi. The amendment contained the following terms, *inter alia:*

3. Sellers hereby grant to Buyers the option to purchase adjoining lands of Sellers (approximately 20 acres) for the additional sum of $17,000.00. This option shall remain in force and effect for a period of two (2) years from the date of closing, providing that the mortgage hereinabove referred to is not in default. If at any time payments under the mortgage are in default for a period of sixty (60) days or if the mortgage is otherwise in

default in accordance with the provisions thereof, then the option herein granted shall terminate.

4. Buyers hereby grant unto Sellers a right of way for access from Gravel Pond Road to the optioned premises in the rear thereof which shall extend from Buyers' driveway to the said premises and shall be twenty (20) feet in width. The actual location of this right of way shall be as Buyers may designate providing the same provides reasonable access. No roadway shall be visibly opened as long as the above mentioned option remains in force and this grant shall terminate in the event that the option herein granted is exercised.

The amendment was part of the agreement of sale and set forth the purchase price, the manner of payment, provisions concerning a purchase money mortgage which the sellers were granting to the buyers, and the legal descriptions of the lands to be conveyed under the agreement of sale and the lands subject to the option referred to in paragraph 3 above. Although the amendment was not signed by Mrs. Galardi it provided a signature line for Mrs. Galardi with her name typewritten underneath the line.

The property described in the amendment to the agreement of sale referred to as "lands to be conveyed under agreement of sale" were conveyed to the buyers who executed a mortgage in favor of the appellees which was duly recorded in the Office for the Recorder of Deeds in Lackawanna County.

The buyers did not exercise their option to purchase the land subject to the option within two years from the date of settlement. The appellees thereupon sought to find other buyers for this parcel of land which consisted of approximately 20 acres. The parcel is landlocked with no means of ingress or egress except for the right of way described in paragraph 4 in the amendment of the agreement of sale. The Valvanos entered into an agreement of sale for the parcel of land that had been covered by the option with Joseph R. Shea, which was subject to a right of way for access from Gravel Pond Road to the property as set forth

in the Valvano-Galardi amendment to the agreement. However, the Galardis refused entry on their land by surveyors to determine the exact location of the right of way. As a consequence, the agreement between the Valvanos and Mr. Shea terminated.

Subsequently, Mr. and Mrs. Valvano commenced an action in equity seeking specific performance of the agreement to grant a right of way and petitioning the court to "designate specifically a right of way for reasonable access, twenty (20) feet in width and extending from Gravel Pond Road to the optioned premises which shall extend from Defendants' driveway to the said premises ..." Other relief was also sought. A hearing was held before Munley, J. who entered a decree nisi directing the appellants to provide a right of way for reasonable ingress and egress as provided for in the amendment to the agreement of sale. Damages were also entered in favor of the appellees in the amount of $456.90. Appellants' exceptions to the decree nisi were dismissed, and they have appealed from the final decree.

The first issue for our determination is whether the amendment to the agreement of sale was unenforceable because of the Statute of Frauds which provides in part ...

> no leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall, at any time after the said April 10, 1772, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law.

Act of March 21, 1772, 1 Sm.L. 389, § 1, 33 Pa.C.S. § 1

■ The amendment to the agreement of sale, although signed by Mr. Galardi, was not signed by his wife. Nevertheless, there was sufficient performance by the grantors of the agreement as set forth in the amendment to make its terms enforceable, notwithstanding the absence of complete

compliance with the Statute of Frauds. The amendment set forth a legal description of the land conveyed which was not specifically described in the agreement of sale. Also, the agreement of sale called for a "mortgage to seller" in the amount of $80,000.00 and the amendment called for "a purchase money mortgage in the amount of $78,000.00." In fact, the purchase money mortgage signed by Joseph Galardi and Kaye Galardi was in the amount of $78,000.00. Other terms of the purchase money mortgage which was signed by both appellants, were identical with the amendment to the agreement of sale with respect to the terms of the mortgage, interest rates and monthly payments.[1]

■ In the case before us, we have a written contract consisting of two parts, the printed agreement of sale and the "Amendment to Agreement of Sale of Real Estate". The fact that the agreement was evidenced by two documents does not raise the bar of the Statute of Frauds. The Statute of Frauds requirement of a written memorandum may be satisfied by more than one writing involving a single transaction. *Target Sportswear, Inc. v. Clearfield Foundation*, 327 Pa.Super. 1, 474 A.2d 1142 (1984). The amendment refers to the agreement of September 30, 1981. The purchase money mortgage which was based on the amendment to the agreement of sale was dated December 8, 1981. It was signed by both Mr. and Mrs. Galardi and it contained the identical mortgage terms and legal description of the property as appeared in the amendment to the

---

1. The purchase money mortgage provided that the principal amount of the indebtedness in the amount of $78,000.00 was:

    payable as follows: $30,000.00 payable within one (1) year from the date hereof, together with interest thereon computed at the rate of twelve (12%) per cent per annum from the date hereof until the date of payment. The balance of forty-eight thousand dollars ($48,-000.00) shall be paid within fifteen (15) years from the date hereof in equal monthly installments of five hundred seventy-six dollars and thirty-seven cents ($576.37). The first monthly installment shall be due on the 8th day of January, 1982 and similar monthly payments on the 8th day of each and every month thereafter. All payments shall be applied first to interest at the rate of twelve (12%) per cent per annum and the balance in reduction of principal. These terms are almost identical with the provisions in the amendment to the agreement of sale.

agreement of sale. Mrs. Galardi testified that she did not see the amendment to the agreement of sale until November, 1983. However, she was aware that the price was $98,000.00 and she took advantage of the provisions of the amendment of the agreement of sale which had reduced the purchase price. Both sellers signed the amendment to the agreement of sale as did Mr. Galardi. Mr. Valvano testified that the purchase price was reduced from $100,000.00 to $98,000.00 and gave the following explanation.

A. In the basic agreement we had no provisions for right-of-way going into the land, that we did not want to leave the land blocked. And Joe and I had an agreement where I would pay him $2,000 for the right-of-way, which I then reduced the selling price from 100 to 98,000, to pay for the right-of-way back into the other 20 acres of land.

The testimony also established that prior to the expiration of the two year option, Mr. Valvano conferred with Mr. Galardi in September or October, 1983 as to whether he and his wife wanted to exercise their option to purchase, which expired in December, 1983. He was told that they had not made up their minds. Sometime later Mr. Valvano met with Mr. and Mrs. Galardi who offered to exercise the option for $10,000.00 rather than $17,000.00 and Mr. Valvano would not agree to this.

■ The appellants herein took possession of the land conveyed to them in accordance with a written agreement of sale signed by all the parties to the transaction, except Mrs. Galardi. The purchasers considered exercising the option that was in the amendment but decided not to because they considered the price to be too high. Having decided not to exercise the option, they now seek to vitiate the right-of-way that was granted in the amendment to the agreement of sale on the basis that there was a failure to comply with the Statute of Frauds. The Statute of Frauds is to be used as a shield and not as a sword as it was designed to prevent fraud. *Fannin v. Cratly*, 331 Pa.Super. 326, 480 A.2d 1056 (1984). It does not make void contracts relating to land which fail to comply with the

Statute of Frauds. *Zlotziver v. Zlotziver*, 355 Pa. 299, 49 A.2d 779 (1946). The purpose of the Statute of Frauds is to avoid the opportunity for fraud and perjury likely to arise from oral conveyances of estates in land. *Holland Furnace Company v. Keystone Dehydrating Company*, 151 Pa.Super. 495, 30 A.2d 872 (1943).

In the instant case, the purposes of the Statute of Frauds would not be thwarted by giving effect to the right-of-way provisions in the agreement. They were an integral part of the option agreement which covered landlocked real estate. The right of way had no real existence during the option period and only came into being for all practical purposes in the event that the Galardis failed to exercise their option to purchase.

In order to prevent the Statute of Frauds from being used as a sword by one not needing its protection, the law has developed the doctrine of part performance. The doctrine is set forth in *Briggs v. Sackett*, 275 Pa.Super. 13, 16, 418 A.2d 586, 588 (1980):

> Where, however, the party seeking to enforce the conveyance has partially performed the contract, so as to render recission inquitable and unjust, the contract may be outside the operation of the statute.

In the instant case, the sellers fully performed their obligations under the contract which were (1) to convey the land to the buyers and (2) to give the buyers an option for two years to purchase an additional 20 acres of land which were landlocked. The buyers, having received full performance of the obligations owed to them, will not be permitted to raise the Statute of Frauds as a defense against the performance of their obligations, which included the grant of an easement in the event that they did not exercise their option. "Specific evidence that would make recission of an oral contract inequitable and unjust, will take the contract out of the Statute of Frauds ..." *Eastgate Enterprise, Inc. v. Bank and Trust Company of Old York Road*, 236 Pa.Super. 503, 506, 345 A.2d 279, 280 (1975). *See also Brojack Estate*, 321 Pa.Super. 154, 467 A.2d 1175 (1983).

▆▆▆▆▆▆▆▆▆▆▆

The appellant also contends on appeal for the first time that even if the Statute of Frauds is not a bar to enforcement of the agreement to grant a right of way, that its enforcement is prevented by the doctrine of merger. The appellant did not raise this issue in the court below and it is therefore waived on appeal. Pa.R.A.P. 302(a). See also *Heinsdorf v. Johns-Manville Corp.*, 352 Pa.Super. 429, 508 A.2d 334 (1986).

The appellants state as their third question involved:

3. Whether the doctrine of merger applies in this case and acts to merge a prior agreement of sale of real estate into the executed deed thereby precluding any further action on the prior agreement.

The trial court answered this question in the negative.

▆▆▆▆ In actuality the court did not answer the question at all, as it was not presented. The adjudication and decree nisi did not consider the doctrine of merger, and the appellants' exceptions did not allude to the issue.[2]

Order affirmed.

2. Even if the issue of merger had not been waived, we would find that the provisions of the agreement of sale granting a right of way were not merged in the deed. The doctrine of merger provides that as a general rule an agreement of sale merges into the deed and no recovery may be had based upon an earlier agreement. *Stoever v. Gowen*, 280 Pa. 424, 124 A. 684 (1924). *Elderkin v. Gaster*, 447 Pa. 118, 288 A.2d 771 (1972). The merger rule does not apply where the expressed intention of the parties is to the contrary. *Carsek Corp. v. Stephen Schifter, Inc.*, 431 Pa. 550, 246 A.2d 365 (1968). An agreement of sale is not merged as to matters not to be consummated by the deed issued pursuant to it and which are collateral to the deed. *Rappaport v. Savitz*, 208 Pa.Super. 175, 220 A.2d 401 (1966). The easement referred to in the amendment to the agreement of sale was not to be visibly opened during the option period and the actual boundaries were to be determined by the buyers in the future. It was the intention of the parties that the right of way not even be delineated during the option period since the buyers would not need a right of way over their own land if they exercised the option. The agreement provided that "The actual location of this right of way shall be as Buyers may designate providing the same provides reasonable access. No roadway shall be visibly opened as long as the abovementioned option remains in force and this grant shall terminate in the event that the option herein granted is exercised." A corollary to the doctrine of merger is that the delivery of the deed does not foreclose matters set forth in the agreement which are collateral to the deed.

*Elderkin v. Gaster,* supra. In the instant case, there was no need to refer to the easement in the deed to the buyers as for all practical puproses it would not come into fruition if the buyers exercised their option. Having failed to exercise this option, they may not now deny the existence of the easement.