Lawrence H. POWELL and Katherine M. Powell, his wife, Plaintiffs,

v.

GAF CORPORATION, in its own right and as successor-in-interest to The Ruberoid Company; Raymark Industries, Inc., in its own right and as successor-in-interest to Raybestos–Manhattan, Inc.; Celotex Corporation, in its own

right and as successor-in-interest to the Philip Carey Manufacturing Co., Philip Carey Corp., Briggs Manufacturing Co., and/or Panacon Corp.; Keene Corporation, in its own right and as successor-in-interest to Baldwin Hill Co., Baldwin–Ehret–Hill, Inc., Ehret Magnesia Manufacturing Co., and to the Insulation Division of Mundet Cork Co., to Mundet Co., and to the Keene Bldg. Products Corp.; Eagle–Picher Industries, Inc.; Owens–Corning Fiberglas Corp.; Owens–Illinois, Inc.; Garlock, Inc.; Flexitallic Gasket Company; Foster Wheeler Corporation; Anchor Packing Company; and The Manville Fund, Defendants.

No. CA88–1929.

United States District Court,
W.D. Pennsylvania.

Nov. 15, 1990.

Joel Persky, Pittsburgh, Pa., for plaintiffs.

Jan C. Swensen, Charlene Ehrenwerth, John L. Vitsas, David R. Johnson, John J. Repcheck, Patrick R. Riley, John A. Bacharach, Dennis F. Wolford, Pittsburgh, Pa., Frederic Goldfein, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

LEE, District Judge.

Plaintiffs, Lawrence H. Powell and Katherine M. Powell, his wife, bring this action alleging that the husband-plaintiff was injured as a result of his exposure to asbestos-containing products. Defendants, Eagle–Picher Industries, Inc. (Eagle–Picher), GAF Corporation (GAF), Keene Corporation (Keene), Flexitallic Gasket Company (Flexitallic), Owens–Illinois, Inc. (Owens–Illinois), and Fibreboard Corporation (Fibreboard), filed Motions for Summary Judgment based upon the lack of product identification. Plaintiffs had no objection to the granting of summary judgment in favor of Fibreboard, and such was granted by Order on the 14th day of August, 1990.

Plaintiffs contend that the husband-plaintiff was required, within the scope of his employment as a pipefitter, to use the asbestos fiber and/or asbestos-containing products of the defendants, or to work in close proximity to workers installing such products. As a proximate cause of plaintiff-husband's exposure to the products of the defendants and the defendants' failure to warn plaintiff-husband of the hazards of their products, plaintiff-husbands developed asbestosis with associated complications.

Defendants have moved this Court to grant summary judgment in their favor pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.[1] In interpreting Rule 56(c), the United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) has ruled that:

> "The plain language ... mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322 to 323, 106 S.Ct. at 2552.

An issue of material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Incorporated*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In order to defeat a motion for summary judgment, plaintiffs must show that the plaintiff-husband inhaled asbestos fibers shed by the products of the defendants. See *Pongrac v. Consolidated Rail Corp.*, 632 F.Supp. 126 (E.D.Pa.1985); *Eckenrod v. GAF Corp.*, 375 Pa.Super. 187, 544 A.2d 50 (1988). The plaintiffs must establish more than the presence of asbestos in the workplace, he must prove that he worked in the vicinity of the product's use. *Eckenrod, supra*, 544 A.2d at 52.

Eagle–Picher contends that plaintiff-husband failed to identify any Eagle–Picher product to which he may have been exposed both in Answers to Interrogatories, and in the deposition conducted on April 20, 1989 and May 10, 1989. In their Response to Eagle–Picher's Motion for Summary Judgment, Plaintiffs admit that

---

1. Fed.R.Civ.P. 56 in pertinent part reads as follows:

   "[Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

there is no direct identification of any Eagle–Picher product in the above-mentioned records, however, plaintiffs contend that Counsel for Eagle–Picher never asked plaintiff-husband if he was ever exposed to Eagle–Picher asbestos-containing products.

Plaintiffs rely upon the affidavit of plaintiff-husband filed with plaintiffs' Response on July 3, 1989, in which he testifies in pertinent part that (a) he worked as a pipefitter/plumber from 1948 until 1985 at various sites; (b) insulators were present approximately once a week mixing and applying asbestos-containing cement/mortar to the furnace boilers; (c) large amounts of dust were created in the mixing and applying of the cement which he was forced to breathe at a distance of two (2) to twenty (20) feet; and (d) he recalls seeing the name "SUPER 66" printed on the bags of asbestos-containing cement/mortar mix that were used by the insulators in his presence. (Affidavit of Lawrence Powell).

Plaintiff further relies on Eagle–Picher's Answers to Interrogatories filed in another case wherein Eagle–Picher admits that it did in fact manufacture "SUPER 66" asbestos cement. (Answers to Interrogatories filed by Eagle–Picher in *Berrang v. Eagle–Picher Industries, Inc., et al.,* GD87–01249, Court of Common Pleas of Allegheny County, Pennsylvania).

Contrary to Eagle–Picher's contentions, we find the above evidence to be such that a reasonable jury could find that the plaintiff-husband was exposed to the airborne asbestos fibers from Eagle–Picher products and thus became injured as a result of such exposure. The motion of Eagle–Picher for summary judgment shall be denied.

Defendants, Flexitallic, GAF, Keene and Owens–Illinois, collectively, contend that plaintiff-husband failed to identify, in the deposition conducted on April 20, 1989 and May 10, 1989, any of their products, with the exception of GAF floor tile, to which he may have been exposed. In their Response Plaintiffs indicate that their Answers to Interrogatories list a number of witnesses who identify particular products that were on the jobsites where plaintiff-husband worked. Plaintiff-husband has also filed affidavits identifying products of each of the defendants to which he claims to have been exposed.

The above defendants have asked this Court to disregard the affidavits filed by plaintiff-husband as sham affidavits that contradict the testimony given at his deposition. While we agree that courts may disregard a contradictory affidavit for purposes of determining whether there was a material issue of fact, *see Martin v. Merrell Dow Pharmaceuticals, Inc.,* 851 F.2d 703 (3d Cir.1988), where a witness was confused or for some other reason misspoke at an earlier deposition, a subsequent correcting or clarifying affidavit may be sufficient to create a material issue of fact. *See Lane v. Celotex Corp.,* 782 F.2d 1526 (11th Cir.1986).

Upon review of the deposition record attached as Exhibit B to defendants' Reply Brief to Plaintiffs' Response to the Motion for Summary Judgment, we can not find that the affidavits are inherently inconsistent with the deposition. From the record provided, it does not appear that plaintiff contradicts himself at all. The only inconsistency found involves GAF/Ruberoid and such inconsistency is not enough to cause this Court to disregard plaintiff-husband's affidavits.

We find that the deposition testimony, the affidavit's of the plaintiff-husband, and Answers to Interrogatories, in this actions and prior actions involving defendants, creates material issues of fact such that a reasonable jury could find that the plaintiff-husband was exposed to the airborne asbestos fibers from defendants' products. Therefore, the motion of defendants, Flexitallic, GAF, Keene and Owens–Illinois for summary judgment shall be denied.