Roger A. ECKLUND and Carol Ecklund, his wife, Plaintiffs,

v.

GAF CORPORATION, in its own right and as Successor-in-Interest to the Ruberoid Company; Raymark Industries, Inc., in its own right and as Successor-in-Interest to Raybestos–Manhattan, Inc.; Celotex Corporation, in its own right and as Successor-in-Interest to the Philip Carey Manufacturing Co., Philip Carey Corp., Briggs Manufacturing Co., and/or Panacon Corp.; Keene Corporation, in its own right and as Successor-in-Interest to Baldwin Hill Co., Baldwin–Ehret–Hill, Inc., Ehret Magnesia Manufacturing Co., and to the Insulation Division of Mundet Cork Co., to Mundet Co., and to the Keene Bldg. Products Corp.; Eagle–Picher Industries, Inc.; Owens–Corning Fiberglass Corp.; Owens–Illinois, Inc.; Garlock, Inc.; Fibreboard Corporation, in its own right and as Successor-in-Interest to Fiberboard Paper Products Corporation, Pabco, Plant Rubber and Asbestos Works, and Plant Asbestos Company, Flexitallic Gasket Company; Foster Wheeler Corporation; Anchor Packing Company; and the Manville Fund, Defendants.

Civ. A. No. 88–2630.

United States District Court, W.D. Pennsylvania.

June 12, 1991.

Thomas White, Henderson and Goldberg, Pittsburgh, Pa., for plaintiffs.

William Haushalter, Rosenberg Kirschner, Pittsburgh, Pa., for Keene Corp.

John J. Repcheck, Sharlock, Repcheck and Mahler, Pittsburgh, Pa., for Anchor Packing Co.

Gerald C. Paris, Reed, Smith, Shaw and McClay, Pittsburgh, Pa., for Fiberboard Corp. and Owens–Illinois, Inc.

Patrick R. Riley, Christopher Beck, Riley, DeFalice and McCarrin, Pittsburgh, Pa., for Owens–Corning Fiberglass Corp.

Dennis F. Wolford, Panner, Authenreith, Wolford and Rackley, Beaver, Pa., for Foster Wheeler Corp.

John A. Bacharach, Girman and Bacharach, Pittsburgh, Pa., and Fredric Goldfein, Goldfein and Joseph, Philadelphia, Pa., for Garlock, Inc.

Jan C. Swensen, Swensen and Perer, Pittsburgh, Pa., for GAF Corp. and Flexitallic Gasket Co.

Daniel Ryan, Marshall, Dennehey, Varner and Goggin, Philadelphia, Pa., for Manville Fund.

Richard E. Rush, Thomson, Rhodes and Cowie, Pittsburgh, Pa., for Celotex Corp.

## MEMORANDUM OPINION

LEE, District Judge.

Plaintiffs, Roger A. Ecklund and Carol Ecklund, his wife, bring this action alleging that the husband-plaintiff was injured as a result of his exposure to asbestos-containing products. Defendants, Keene Corporation (Keene), Flexitallic Gasket Company (Flexitallic), and Owens–Illinois, Inc. (Owens–Illinois), filed Motions for Summary Judgment based upon the lack of product identification. Plaintiffs have no objection to the granting of summary judgment in favor of Keene and Owens-Illinois, and such shall be entered.

Plaintiffs contend that the husband-plaintiff was required, within the scope of his employment as a pipefitter/welder, to use the asbestos fiber and/or asbestos-containing products of the defendants, or to work in close proximity to workers installing such products. As a proximate cause of plaintiff-husband's exposure to the products of the defendants and the defendants' failure to warn plaintiff-husband of the hazards of their products, plaintiff-husband developed asbestosis with associated complications.

Defendant, Flexitallic, has moved this Court to grant summary judgment in their favor pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.[1] In interpreting Rule 56(c), the United States Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) has ruled that:

> "The plain language ... mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 322 to 323, 106 S.Ct. at 2552 to 2553.

An issue of material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the

---

1. Fed.R.Civ.P. 56 in pertinent part reads as follows:

    "[Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

non-moving party. *Anderson v. Liberty Lobby, Incorporated,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

 In order to defeat a motion for summary judgment, plaintiff must show that the plaintiff-husband inhaled asbestos fibers shed by the products of the defendants. See *Pongrac v. Consolidated Rail Corp.,* 632 F.Supp. 126 (E.D.Pa.1985); *Eckenrod v. GAF Corp.,* 375 Pa.Super. 187, 544 A.2d 50 (1988). The plaintiffs must establish more than the presence of asbestos in the workplace; he must prove that he worked in the vicinity of the product's use. *Eckenrod, supra,* 544 A.2d at 52.

 Flexitallic contends that plaintiff-husband has failed, both in Answers to Interrogatories and in the deposition conducted on May 5, 1989, to show that he was exposed to asbestos particles emanating from a Flexitallic product. In their Response to Flexitallic's Motion for Summary Judgment, plaintiffs admit Mr. Ecklund installed Flexitallic Gaskets and noticed no perceivable dust. Plaintiffs also contend, however, and submit the affidavit of Gerrit W.H. Schepers, M.D. Sc.D. in support, that the cancer causing asbestos fibers are exceedingly small, and can be invisible, even by optical microscope.

Plaintiffs also rely upon the affidavit of plaintiff-husband filed with plaintiffs' Response on August 31, 1990, in which he testifies in pertinent part that (a) he began work as a plumber/pipefitter in 1964, and was still working as such at the time the affidavit was authored, and during such time worked at various industrial jobsites, including but not limited to Sharon Steel; (b) during his employment, he would install asbestos-containing metal encased gaskets in steamlines and waterlines; (c) amounts of dust were created in the installation of the gaskets which plaintiff-husband was forced to breathe at a distance of zero (0) to ten (10) feet; and (d) he recalls seeing the name "FLEXITALLIC" embossed on the asbestos-containing metal encased gaskets which he installed throughout the Sharon Steel Plant and various other industrial facilities. (Affidavit of Roger Ecklund)

Plaintiff further relies on Flexitallic's Answers to Interrogatories filed in another case wherein Flexitallic admits that it did in fact manufacture spiral wound asbestos-containing gaskets. (Answers to Interrogatories filed by Flexitallic in *McCollim v. GAF CORP., et al.,* Civil Action No. 705 of 1986, Court of Common Pleas of Beaver County, Pennsylvania).

Contrary to Flexitallic's contentions, we find the deposition testimony, the affidavits of the plaintiff-husband, and Answers to Interrogatories, in this action and prior actions involving defendant, create material issues of fact such that a reasonable jury could find that the plaintiff-husband was exposed to the airborne asbestos fibers from defendant's products. Therefore, the motion of defendant, Flexitallic, for summary judgment shall be denied.