544 A.2d 50

Jean E. ECKENROD, Administratrix of the Estate of Eugene C. Eckenrod, and Jean E. Eckenrod, in Her Own Right

v.

GAF CORPORATION, Raymark Industries, Inc., Owens–Corning Fiberglas Corporation, A–Best Products Company, Garlock, Inc., John Crane–Houdaille, Inc., H.K. Porter Company, Inc., Individually and as Successor–in–Interest to Southern Textile Company, Formerly Southern Asbestos Company, the Pittsburgh Gage Company & Anchor Packing Company.

Appeal of The PITTSBURGH GAGE COMPANY.

Jean E. ECKENROD, Administratrix of the Estate of Eugene C. Eckenrod, and Jean E. Eckenrod, in Her Own Right, Appellant,

v.

GAF CORPORATION, Raymark Industries, Inc., Owens–Corning Fiberglas Corporation, A–Best Products Company, Garlock, Inc., John Crane–Houdaille, Inc., H.K. Porter Company, Inc., Individually and as Successor–in–Interest to Southern Textile Co., Formerly Southern Asbestos Co., the Pittsburgh Gage Company & Anchor Packing Company.

Superior Court of Pennsylvania.

Argued Jan. 14, 1988.

Filed May 6, 1988.

Rearguments Denied July 12, 1988.

Francis X. McTiernan, Jr., Pittsburgh, for Pittsburgh Gage.

Thomas W. White, Pittsburgh, for Eckenrod.

Kathy K. Condo–Caritis, Pittsburgh, for GAF.

David R. Johnson, Pittsburgh, for Raymark.

Thomas Herbertson, Pittsburgh, for A–Best.

John A. Bacharach, Pittsburgh, for Garlock.

Before OLSZEWSKI, TAMILIA and KELLY, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order granting summary judgment in favor of defendants-appellees A–Best Products Company ("A–Best"); Raymark Industries, Inc.; Owens–Corning Fiberglas Corporation; Garlock, Inc.; and H.K. Porter Company, Inc. ("Porter"). Appellant Eckenrod claims that there was an issue of material fact regarding the liability of Porter and A–Best. Appellant Gage Company maintains that the lower court erred in determining that appellant Eckenrod failed to present sufficient factual evidence that her decedent was exposed to asbestos manufactured and/or supplied by all appellees during his employment with Babcock & Wilcox Company ("B & W"). For reasons discussed below, we affirm the order of the trial court.

Appellant's decedent, Eugene C. Eckenrod, began employment as a millwright in 1959 with B & W. From 1959 to 1982, decedent worked as a maintenance pipefitter, welder, and millwright at the Wallace Run facility. In March 1982, decedent was diagnosed as having lung cancer. He died in November 1982.

Appellant Eckenrod filed suit on November 15, 1984, alleging that her decedent died as a result of exposure to defendants' asbestos products while working at B & W.

Most of the defendants moved for summary judgment in early 1987 based on lack of product identification. On March 7, 1987, the motions of GAF Corporation, John Crane–Houdaille, Inc., and Anchor Packing Company were granted and the complaints against them dismissed. On May 7, 1987, the trial court granted the remaining motions for summary judgment and dismissed the complaints against each.[1] It is the May 7, 1987, order that appellants challenge herein.

▪ Appellant Eckenrod challenges only the granting of summary judgment in favor of A–Best and Porter. Appellant Gage Company contends that the judgment was improper as to all defendants.[2] We have declared that when reviewing an order granting summary judgment, our function is to determine whether there exist issues of triable fact. *Bobb v. Kraybill*, 354 Pa.Super. 361, 511 A.2d 1379 (1986). We have further determined that:

> A summary judgment should only be entered in those cases which are clear and free from doubt. *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Super. 425, 456 A.2d 1009 (1983). The court must accept as true all well pleaded facts in the plaintiff's pleadings, and give the plaintiff the benefit of all reasonable inferences to be drawn therefrom. *Just v. Sons of Italy Hall*, 240 Pa.Super. 416, 368 A.2d 308 (1976).

*Roland v. Krayco, Inc.*, 355 Pa.Super. 493, 513 A.2d 1029 (1986); *see also Lucera v. Johns–Manville Corp.*, 354 Pa. Super. 520, 512 A.2d 661 (1986).

▪ In order for liability to attach in a products liability action, plaintiff must establish that the injuries were caused

---

1. Appellant Pittsburgh Gage Company did not file a motion for summary judgment.

2. Appellees Garlock, Inc., Raymark Industries, Inc., and H.K. Porter Company, Inc., contend that appellant Gage Company has waived its right to appeal by not challenging the motions for summary judgment in the trial court. We note, however, that an order granting summary judgment is final and appealable. *Progressive Home Federal Savings and Loan Ass'n v. Kocak*, 359 Pa.Super. 120, 518 A.2d 808 (1986). Therefore, appellant Gage Company was not required to raise challenges to the motions or the order in the trial court.

by a product of the particular manufacturer or supplier. *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975). Additionally, in order for a plaintiff to defeat a motion for summary judgment, a plaintiff must present evidence to show that he inhaled asbestos fibers shed by the specific manufacturer's product. *Wible v. Keene Corporation,* No. 86–4451 Slip op. (E.D.Pa. August 19, 1987) [available on WESTLAW, 1987 WL 15833]; *Anastasi v. Pacor, Inc.,* No. 6251 (C.P. Phila. Co., March 8, 1983) *aff'd* 349 Pa.Super. 610, 503 A.2d 44 (1985). Therefore, a plaintiff must establish more than the presence of asbestos in the workplace; he must prove that he worked in the vicinity of the product's use. *Pongrac v. Consolidated Rail Corp.,* 632 F.Supp. 126 (E.D.Pa.1985). Summary judgment is proper when the plaintiff has failed to establish that the defendants' products were the cause of plaintiff's injury. *See Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983).

Eckenrod contends that her decedent used asbestos gloves supplied by A–Best for twenty years, asbestos cloth supplied by A–Best for fifteen years, and asbestos cloth supplied by Porter for eight years while employed by B & W in the furnace area of the Wallace Run Facility. In support of her assertion, appellant claims that traveling requisition forms place both companies as a supplier of the products to B & W. In order to place her husband in the vicinity of the asbestos products and to detail his work activities, appellant relied on affidavits of three co-workers. The affiants indicated that they had worked with the decedent "upon occasion" at the Wallace Run facility; none, however, stated that the decedent worked exclusively or continuously at the Wallace Run furnace during his period of employment. Further, each indicated "exposure" to asbestos products but did not elaborate on the nature or length of the exposure or the brand of products available.

Additionally, while the affiants admitted that Mr. Eckenrod was "exposed to" asbestos products, none clarified the proximity of the products to the workers or that the appel-

lees were the manufacturers/suppliers of the products being used. In fact, the only testimony as to the identification of *any* of the products came from the depositions of distributors of the asbestos products and one main plant storeroom employee at B & W. Each of these depositions indicates that various appellees sold asbestos products to B & W, but do not establish where the specific product was used or that Mr. Eckenrod came into contact with an identifiable product.

Whether direct or circumstantial evidence is relied upon, our inquiry, under a motion for summary judgment, must be whether plaintiff has pointed to sufficient material facts in the record to indicate that there is a genuine issue of material fact as to the causation of decedent's disease by the product of each particular defendant. *Schmidt v. Johns–Manville Corp.*, No. 80–3339 Slip op. (D.Md. November 30, 1982). Whether a plaintiff could successfully get to the jury or defeat a motion for summary judgment by showing circumstantial evidence depends upon the frequency of the use of the product and the regularity of plaintiff's employment in proximity thereto. *Id.*

■ Upon careful scrutiny of the record, we must uphold the trial court's granting of the motions for summary judgment in favor of Porter and A–Best. We acknowledge that the facts establish that the decedent on occasion was exposed to asbestos; there is no evidence, however, as to the regularity or nature of decedent's contact with asbestos. Moreover, there is no testimony establishing that Mr. Eckenrod worked with asbestos supplied and/or manufactured by Porter or A–Best or any of the other appellees. The mere fact that appellees' asbestos products came into the facility does not show that the decedent ever breathed these specific asbestos products or that he worked where these asbestos products were delivered. *Pongrac, supra; Anastasi, supra.* Absent testimony of record that identifies appellees' products as being present in the furnace, there is not even a reasonable inference that appellant was exposed

to appellees' asbestos products. *Pongrac, supra; see also Wible, supra.*

■ Appellant Gage Company also challenges the granting of summary judgment in favor of the remaining appellees. After careful review of the record, we find that the standard delineated *supra* has not been satisfied regarding these appellees as well. Appellant Gage Company has failed to point to any testimony which establishes that Mr. Eckenrod inhaled asbestos fibers shed by the remaining appellee's products. Therefore, we must uphold the trial court's determination in this regard as well.

The order and judgment of the trial court are affirmed.

Concurring statement by Kelly, J.

KELLY, Judge, concurring:

I agree with the majority as to its disposition of appellant Eckenrod's claim. Eckenrod failed to present evidence as to the nature or regularity of decedent's exposure to asbestos, or evidence that decedent worked with asbestos products supplied or manufactured by appellees.

I differ, however, with the majority's disposition of the appeal of appellant Gage Company. Gage Company, defendant in the court below, failed to file even a memorandum opposing a grant of the remaining defendants' summary judgment motions. It is a longstanding tenet of appellate jurisprudence that a party may not ordinarily raise a claim for the first time at the appellate level. *See* Pa.R. A.P. 302(a); *see also Marzullo v. Stop–N–Go Food Stores,* 364 Pa.Super. 106, 109, 527 A.2d 550, 551 (1987); *Valvano v. Galardi,* 363 Pa.Super. 584, 592, 526 A.2d 1216, 1220 (1987). The rationale behind this principle is that the trial court in the first instance must be permitted the opportunity to address any arguments which a party may have. *Szakmeister v. Szakmeister,* 344 Pa.Super. 465, 496 A.2d 1199 (1984); *Cherry v. Willer,* 317 Pa.Super. 58, 463 A.2d 1082 (1983). I would hold that appellant Gage Company waived its right to challenge the grant of summary judg-

194

ment by failing to challenge the co-defendants' motion for summary judgment in the court below. *See Pennsylvania Department of Transportation v. Phillips*, 87 Pa.Cmwlth. 504, 488 A.2d 77 (1985).*

---

* In support of its position that Gage Company was not required to raise any challenge in the court below, the majority cites the rule that an order granting summary judgment is final and appealable. While this rule explains Gage's failure to file post-verdict motions challenging the *order* granting summary judgment, it does not excuse Gage's failure to challenge the co-defendants' *motions* for summary judgment.