## Christman v. Manville Trust

*Robert J. O'Shea Jr.,* for plaintiff.
*William L. Banton Jr.,* for defendant.

KATZ, *J.,* May 10, 1991—Alfred and Ethel Christman filed a complaint on October 4, 1984, thus commencing this action which arises from Mr. Christman's alleged exposure to asbestos.[1] At trial, the Manville Corporation Asbestos Disease Compensation Fund was the sole defendant. On January 7, 1991, a jury awarded $250,000 to Mr. Christman's estate and $125,000 to Mrs. Christman's estate.[2]

Presently before this court are plaintiffs' petition for delay damages and defendant's motion for post-

---

1. Mrs. Christman asserts a claim for loss of consortium.

2. Mr. Christman died on November 10, 1984, and Mrs. Christman died on February 8, 1989.

trial relief.[3] For the following reasons, plaintiffs' petition and defendant's motion are denied.

## DEFENDANT'S MOTION

Defendant seeks post-trial relief in the form of a new trial or judgment n.o.v.

To prevail under the theory of strict products liability, a plaintiff must prove that: (1) the product was defective; (2) the defect existed when it left the seller's or manufacturer's control; and (3) the defect caused the alleged injuries. *Berkebile v. Brantly Helicopter Corporation,* 462 Pa. 83, 93-94, 337 A.2d 893, 898 (1975). In the instant case, defendant seeks post-trial relief on the grounds that plaintiff failed to establish the cause of Mr. Christman's alleged injuries.

Defendant first argues that plaintiff failed to produce evidence that Mr. Christman was exposed to Johns-Manville Corporation's asbestos products with sufficient frequency, regularity and proximity as to establish that such exposure caused his alleged injuries. To establish causation in a strict products liability action, plaintiff must link his injuries to a particular manufacturer's or supplier's product. *Eckenrod v. GAF Corporation,* 375 Pa. Super. 187, 190-91, 544 A.2d 50, 52 (1988). In an action involving exposure to asbestos, therefore, plaintiff must establish more than the mere presence of asbestos in his workplace; he must establish the frequency of a particular product's use, and the regularity of his employment in the vicinity of such use. *Id.*

---

3. Pursuant to Pennsylvania Rule of Civil Procedure 227.1(c), post-trial motions were due on January 17, 1991. Although defendant's motion was filed with motion court on February 5, 1991, it was filed directly with the trial judge on January 15, 1991. Therefore, it is timely.

In the present case, Gerald Wilmer testified that he worked at Philip Carey Manufacturing Company's plant in Plymouth Meeting, Pennsylvania from 1950 to 1960. (Notes of Deposition 6, 6/13/90.) Mr. Wilmer further testified that in the course of his work at the plant he unloaded boxcars containing bags of asbestos, 50 percent of which bore the name "Johns-Manville." (Notes of Deposition 9-12, 23, 6/13/90.) Moreover, Mr. Wilmer testified he observed bags of asbestos bearing the name "Johns-Manville," some of them open, in areas where asbestos-containing products were being made. (Notes of Deposition 32, 35, 38, 40, 6/13/90.) Thus, plaintiff produced sufficient evidence to establish the frequency with which Johns-Manville's asbestos products were used at the plant.

In addition, Mr. Wilmer testified that during the 10 years that he worked at the plant, Mr. Christman also worked at the plant, repairing machinery. (Notes of Deposition 29, 6/13/91.) Although Mr. Wilmer testified that he did not see the decedent at the plant every day,[4] it is implicit in his testimony that he saw Mr. Christman with some degree of regularity. Moreover, Mr. Wilmer testified that, when he saw Mr. Christman, he saw him as many as four times in one day. (Notes of Deposition 70, 6/13/90.) Furthermore, he testified that he observed Mr. Christman working in areas where asbestos was being made, and he recalled seeing bags of asbestos bearing the name "Johns-Manville" in such areas, at such times. (Notes of Deposition 33-40, 6/13/90.) Thus, plaintiff produced sufficient evidence to establish the regularity of Mr. Christman's work in the vicinity of the use of Johns-Manville's asbestos

---

4. Mr. Wilmer testified, "Some days I'd see him and some days I wouldn't." (Notes of Deposition 29, 6/13/90.)

products. Therefore, defendant's first argument in support of its motion for post-trial relief is not persuasive.

Defendant also argues that plaintiffs produced no evidence that adequate warnings would have prevented Mr. Christman's alleged injuries. Where the theory of liability is failure to adequately warn the user, plaintiff must produce evidence to support a reasonable inference that the existence of an adequate warning may have prevented the alleged injuries. *Remy v. Michael D's Carpet Outlets,* 391 Pa. Super. 436, 442, 571 A.2d 446, 449 (1990); *Staymates v. ITT Holub Industries,* 364 Pa. Super. 47, 51, 527 A.2d 140, 147 (1987).

In the present case, Mr. Wilmer testified that Mr. Christman wore a mask when he was working, except in areas where the visible dust level was low. (Notes of Deposition 136-38, 6/13/90.) Furthermore, Mr. Wilmer testified that Mr. Christman did not disregard the dangers associated with his job, and that he took the necessary measures to protect himself from harm. (Notes of Deposition 45-46, 6/13/90.) Clearly, it could be reasonably inferred from Mr. Wilmer's testimony that Mr. Christman may have worn a mask at all times while he was working in areas where asbestos products were used if he had been adequately warned of the dangerous propensities of asbestos. Therefore, defendant's second argument in support of its motion for post-trial relief is not persuasive, and the motion is denied.

## DELAY DAMAGES

Plaintiff seeks delay damages in the amount of $375,000 pursuant to Pennsylvania Rule of Civil Procedure 238. Defendant argues, however, that the

Second Amended and Restated Plan of Reorganization,[5] wherein the fund was created, precludes such assessments.[6]

Initially, the court must determine whether the plan addresses the assessment of delay damages at all. Article III, section 4 of the plan expressly prohibits the assessment of interest in asbestos-related personal injury actions.[7] Although the term "interest" does not appear in Rule 238, delay damages are, by nature, prejudgment interest. *Tindal v. SEPTA,* 385 Pa. Super. 94, 105, 560 A.2d 183, 189 (1989). See also, *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981). Therefore the court concludes that delay damages pursuant to Rule 238 are "interest" as that term is used in the plan.

The court must next determine whether the plan or Rule 238 governs plaintiff's entitlement to delay damages. The United States Constitution provides:

"This Constitution; and the Laws of the United States which shall be made in Pursuance thereof, and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Thus, federal law pre-empts all contrary state law.

5. Confirmed by the Bankruptcy Court Case nos. 82-B-11656 et al. (S.D.N.Y.)

6. Defendant does not otherwise oppose plaintiff's petition for delay damages.

7. Article III, section 4 of the plan provides in pertinent part:

"No amounts shall be paid to the holders of Class 4 claims with respect to interest after the filing date . . . to the extent that . . . (ii) interest is payable on a final judgment as matter of applicable non-bankruptcy law. . .."

Chapter 11 of the federal Bankruptcy Act provides for the discharge of debt through reorganization. 11 U.S.C. §§1101-74. An integral part of the reorganization process is the plan. 11 U.S.C. §§1121-9. The plan outlines the specific reorganization scheme to be applied to an individual debtor, thereby fulfilling the purpose of reorganization.[8] Thus, the plan constitutes federal bankruptcy law in its most specific form and, as such, it pre-empts all contrary state law.

In the present case, Rule 238 permits the assessment of prejudgment interest while the plan prohibits such assessments. In light of the foregoing discussion, the plan clearly pre-empts Rule 238. Accordingly, plaintiff's petition for delay damages is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's petition for delay damages and defendant's motion for post-trial relief are denied.

---

8. The purpose of reorganization is to preserve assets to enable the debtor to make payments to creditors. *In re Olsen,* 861 F.2d 188, 190 (8th Cir. 1988).