**John C. TURNBAUGH and Rosemary Turnbaugh, his wife, Plaintiffs,**

**v.**

**GAF CORPORATION, Raymark Industries, Inc., Celotex Corporation, successor in interest to Philip Carey Mfg. Co., Philip Carey Corporation, Briggs Mfg. Co., and/or Panacon Corp., Keene Building Products Corporation, Eagle-Picher Industries, Inc., Owens Corning Fiberglas Corporation, Owens Illinois Inc., Garlock, Inc., Combustion Engi-** neering, **Fiberboard Corporation, A-Best Products Co., A.P. Green Refractories Co., Standard Asbestos Mfg. and Insulating Co., Nichias Corporation and Manville Asbestos Disease Compensation Fund, Defendants.**

**Civ. A. No. 86–0747.**

United States District Court, W.D. Pennsylvania.

June 17, 1991.

---

Thomas Henderson, Henderson and Goldberg, Pittsburgh, Pa., for John C. Turnbaugh and Rosemary Turnbaugh.

David R. Johnson, Thomson, Rhodes and Cowie, Pittsburgh, Pa., for Raymark Industries, Inc.

Arnold Klein, Pittsburgh, Pa., and Fredric Goldfein, Philadelphia, Pa., for Garlock, Inc.

Wendell B. Alcorn, Jr., John F. Mariani, Calwalader, Wickersham and Taft, New York City, for Nichias Corp.

Patrick Riley, Vincent DeFalice, Egler, Anstandig Garrett and Riley, Gerald C. Paris, Diane Perer, Ronald Jones, Reed, Smith, Shaw and McClay, Pittsburgh, Pa., for Celotex Corp., Fiberboard Corp., Keene Bldg. Products Corp., Owens Corning Fiberglas Corp. and Owens Illinois, Inc.

Concetta A. Silvaggio, Willman and Arnold, Pittsburgh, Pa., for A–Best Products Co.

Daniel Ryan, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, Pa., for Manville Asbestos Disease Comp. Fund.

## MEMORANDUM OPINION

LEE, District Judge.

Presently before the Court in this action for damages for alleged exposure to asbestos is the Motion of Garlock, Inc., for summary judgment based on lack of product identification.

The plaintiffs seeks damages for injuries allegedly caused by the plaintiff-husband's exposure to asbestos-containing products manufactured and sold by Garlock, Inc., as well as others.

Garlock asserts that there is no competent evidence in the record that the plaintiff was exposed to any Garlock asbestos-containing products.

In response to the Motion, the plaintiffs rely on the affidavit of the plaintiff-husband to the effect:

(i) Plaintiff was employed by J & L Steel Corporation in its Hazelwood plant from 1959 until 1984 as a laborer, millhand, roller builder, guide setter, rougher and roller in many areas of the plant, including but not limited to the rolling mill department.

(ii) During every year plaintiff worked in the rolling mill department, there were steam lines and water lines located overhead, at floor level, vertically from the floor to the ceiling and along said side walls.

(iii) From 1959 until the late 1970's, approximately four weeks per year plaintiff worked side by side with tradesmen who were present in the rolling mill making repairs to the steam lines and water lines. In the process of said repairs, the tradesmen cut, installed or removed asbestos-containing gaskets to and from the steam lines and water lines which activity created dust which he and other tradesmen were forced to breathe from a distance of one to twenty feet.

(iv) From 1969 until the mid to late seventies, for approximately two weeks per year plaintiff removed old asbestos-containing gaskets from the steam lines and water lines located in the Hazelwood rolling mill department, which removal process created dust which he and other workers were forced to breathe from a distance of one to twenty feet.

(v) Plaintiff knows that said asbestos-containing gaskets during the above time frame were manufactured by Garlock, Inc., because he recalls seeing the name "Garlock" printed on the sheets and boxes of asbestos-containing gasket material that were used in repairing the steam lines and water lines in the rolling mill department.

(vi) Plaintiff knows that the gaskets contained asbestos because he has worked

with and/or near asbestos for over 25 years and is familiar with said substance. (vii) During each and every year of his employment at the Hazelwood plant, when asbestos-containing gaskets were cut, installed and removed, plaintiff observed visible dust resulting from said activity, which persisted in the rolling mill area for several hours before it settled and which, after settling, would be redistributed by activity and become visible again.

(ix) During plaintiff's employment at the Hazelwood plant, there was inadequate artificial ventilation in the rolling mill area so as to remove the dust or fibers resulting from the installation or removal of the gaskets and that there were no walls or barriers in the rolling mill area preventing the asbestos particles from spreading throughout the department.

In its Answers to Interrogatories in another case, Garlock, Inc., admitted that it manufactured asbestos-containing gaskets.

Plaintiffs also contend, and submit the affidavit of Dr. Gerrit W.H. Shepers and the report of Dr. Michael J. Hodgson, there is no level of asbestos exposure which is insignificant and the disease can occur after being exposed to asbestos for one day.

In interpreting Fed.R.Civ.P. 56(c), with regard to Motions for Summary Judgment, the United States Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) has ruled that:

"The plain language ... mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 322–323, 106 S.Ct. at 2552.

 An issue of material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Incorporated,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of identifying for the Court those portions of the record which it believes demonstrate the absence of a material fact, the opposing party must point to specific evidence. *Williams v. Borough of West Chester,* 891 F.2d 458, 463–64 (3d Cir.1989).

 In order to defeat a motion for summary judgment, plaintiffs must show that the plaintiff-husband inhaled asbestos fibers shed by the products of the defendants. See *Pongrac v. Consolidated Rail Corp.,* 632 F.Supp. 126 (E.D.Pa.1985); *Eckenrod v. GAF Corp.,* 375 Pa.Super. 187, 544 A.2d 50 (1988). The plaintiffs must establish more than the presence of asbestos in the workplace; the plaintiffs must prove that plaintiff-husband worked in the vicinity of the product's use. *Eckenrod, supra,* 544 A.2d at 52.

Based on the above evidence in the record, the Court concludes that there is a genuine issue of fact as to the identification of Garlock's insulation causing the plaintiff's alleged injury because a reasonable jury could return a verdict for the non-moving party.

## ORDER OF COURT

AND NOW, this 17th day of June, 1991, it is hereby

ORDERED that the Motion for Summary Judgment filed on behalf of defendant, Garlock, Inc., is hereby DENIED.