**Richard ZENSON, executor of the estate of George Zenson, Plaintiff,**

v.

**OWENS CORNING FIBERGLAS CORPORATION and Garlock Incorporated, et al., Defendants.**

**Civ. A. No. 88–2684.**

United States District Court, E.D. Pennsylvania.

Nov. 2, 1993.

Lee B. Balefsky, Philadelphia, PA.

Walter L. McDonough, G. Daniel Bruch, Jr., Philadelphia, PA, for Eagle Picher Industries, Inc.

John P. Kelley, Philadelphia, PA, for Celotex Corp., Hopeman Bros., Inc., Keene Corp., Owen Illinois, Inc.

Mary K. Coleman, Pittsburgh, PA, for Owens Corning Fiberglas Corp.

Fredrick L. Goldfein, Philadelphia, PA, for Garlock, Inc.

## MEMORANDUM/ORDER

KATZ, District Judge.

**AND NOW,** this 2nd day of November, 1993, upon consideration of defendant Garlock Incorporated's ("Garlock's") Motion for a Directed Verdict and defendant Owens Corning Fiberglas Corporation's ("OCF's") Motion For Judgment as a Matter of Law, it is hereby **ORDERED** that the Motions are **GRANTED.** Fed.R.Civ.P. 50(a); *Wittekamp v. Gulf & Western, Inc.*, 991 F.2d 1137 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 309, 126 L.Ed.2d 256 (1993).

### Discussion

This is a product liability action. Specifically, plaintiff, as executor, seeks damages for injuries caused to George Zenson (the "Decedent") as a result of exposure to asbestos products. The Decedent died of Mesothelioma at age seventy-nine (79) on April 13, 1989, having retired in 1964 from Sun Ship of Chester, Pennsylvania. Two other defendants settled with plaintiff.

This case was not bifurcated. At the close of plaintiff's case on the issue of product identification, defendants' moved for judgment as a matter of law pursuant to Fed. R.Civ.P. 50(a). As the Third Circuit explained in *Wittekamp,* a motion for judgment as a matter of law may be granted "only if, viewing the evidence in the light most favorable to [the non-moving party] and giving [the non-moving party] the advantage of every fair and reasonable inference, there is insufficient evidence form which a jury could reasonably find liability." *Wittekamp,* 991 F.2d at 1141.

 Under Pennsylvania law, the plaintiff in a products liability action bears the burden of demonstrating that a specific defendant is responsible for the harm alleged. *Robertson v. Allied Signal, Inc.,* 914 F.2d 360, 366 (3d Cir.1990) (citing *Berkebile v. Brantley Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975)). In *Eckenrod v. GAF Corp.,* 375 Pa.Super 187, 544 A.2d 50 (1988), the Pennsylvania Superior Court specifically discussed this burden in the context of an asbestos action. The *Eckenrod* court stated:

Additionally, in order for a plaintiff to defeat a motion for summary judgment, a plaintiff must present evidence to show that he inhaled asbestos fibers shed by the specific manufacturer's product. Therefore, a plaintiff must establish more than a presence of asbestos in the workplace; he must prove that he worked in the vicinity of the product's usage.

*Eckenrod*, 544 A.2d at 52 (citations omitted). In *Robertson* the Third Circuit adopted this standard, known in Pennsylvania as the "*Eckenrod* frequency, regularity and proximity test". *Robertson*, 914 F.2d at 366–369, 376.

In this instance, testimony linking either defendant Garlock's or defendant OCF's asbestos products[1] to the particular area where plaintiff's Decedent worked is missing from plaintiff's case. There is no evidence of the regularity, frequency or nature of the Decedent's contact with those products. That is, there is no evidence of how much or how often these products were used in the area where the Decedent worked. As *Eckenrod* held:

> The mere fact that [the defendants'] asbestos products came into the facility does not show that the decedent ever breathed these specific asbestos products or that he worked where these products were delivered.

*Eckenrod*, 544 A.2d at 53.

Additionally, *Robertson* mandates rejection of plaintiff's theory that the plaintiff's burden of proof with respect to causation is satisfied by evidence that asbestos fibers were in the air. *Robertson*, 914 F.2d at 380. *Robertson* held:

> The fiber drift theory cannot stand alone; it must be supplemented by evidence showing the frequency of a product's use and the regularity of the plaintiff's employment in an area into which there is a reasonable probability that the fibers drifted.

*Id.*

The testimony of neither Brysiak nor Campagnini, the Decedent's co-workers, places these products in the Decedent's vicinity.

Mr. Brysiak was unable to identify the Kaylo product to any particular time frame. Dep. p. 24. He was unable to specify Kaylo as a specific product Decedent was around. Dep. p. 25; p. 27; pp. 37–41. He did not identify any Garlock materials. Mr. Campagnini testified Mr. Zenson did not use Garlock materials and that he did not recall if gaskets were cut in Mr. Zenson's presence. Indeed, he did not know if Garlock materials contained asbestos. He did not know what specific asbestos products were used on any ship. He did not tie the dust to either defendant's product.

This case is distinguishable from *Rotondo v. Keene Corp.*, 956 F.2d 436 (3d Cir.1992). In *Rotondo*, the evidence showed that plaintiff, in the regular course of his employment, worked in close proximity to (six to eight feet away) pipe-coverers who cut and fitted asbestos covering on pipes, and that 50% of such asbestos pipe coverings were manufactured by the defendant. Here, there is no evidence establishing the Decedent's proximity or regularity of exposure to the defendants' asbestos products.

---

1. Plaintiff alleges contact with Garlock gaskets and OCF "Kaylo" insulation.