**Elizabeth D. GILBERT, Administratrix of the Estate of George E. Gilbert and Elizabeth D. Gilbert, in her Own Right, Appellants,**

v.

**MONSEY PRODUCTS COMPANY and A.P. Green Refractories Co., et al., Appellees.**

**Elizabeth D. Gilbert, Administratrix of the Estate of George E. Gilbert and Elizabeth D. Gilbert, in her Own Right, Appellants,**

v.

**IPA Systems, Inc. and A.P. Green Refractories Co., et al., Appellees.**

Superior Court of Pennsylvania.

Argued April 13, 2004.
Filed Sept. 30, 2004.
Reargument Denied Dec. 6, 2004.

Robert E. Paul, Philadelphia, for appellants.

Carl D. Buchholz, Philadelphia, for Monsey Products.

Kimberly Boyer, Philadelphia, for IPA Systems.

Before: DEL SOLE, P.J., ORIE MELVIN and BECK, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This case comes before us on appeal from the entry of summary judgment in favor of two defendants in an asbestos-related products liability case. Because we find that the trial court erred as a matter of law, we vacate the judgments of the trial court.

¶ 2 Appellant brought a products liability action against multiple companies including Appellees Monsey Products Company ("Monsey") and IPA Systems, Inc. ("IPA"). Appellant alleged that certain Monsey and IPA products contained asbestos and that his use of these products caused him to develop mesothelioma. As the matter headed to trial, Monsey and IPA moved for summary judgment on the ground that Appellant failed to present evidence sufficient to satisfy the product identification requirements established in *Eckenrod v. GAF Corp.*, 375 Pa.Super. 187, 544 A.2d 50 (1988), which requires a plaintiff to prove frequent, regular and proximate exposure to a defendant's product. *Id.* Granting these motions, the trial court held that as a matter of law, the evidence presented by Appellant did not meet the frequency and regularity requirements of the *Eckenrod* test.

¶ 3 In determining whether to grant a motion for summary judgment, the trial court must view the record in the light most favorable to the non-moving party and resolve any doubts as to the existence of a genuine issue of material fact against the moving party. *Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643 (Pa.Super.2002). In reviewing a grant of summary judgment, our scope of review is plenary and this Court will reverse only upon finding that the trial court abused its discretion or erred as a matter of law. *Harahan v. AC & S, Inc.*, 816 A.2d 296 (Pa.Super.2003). The inquiry under a motion for summary judgment is whether the plaintiff "has pointed to sufficient ... facts in the record to indicate that there is a genuine issue of material fact as to the causation of [the] disease by the product of each particular defendant." *Eckenrod v. GAF Corp.*, 544 A.2d at 53.

¶ 4 For liability to attach in a products liability action, plaintiff must prove that defendant's product caused plaintiff's injury. *Eckenrod*, 375 Pa.Super. 187, 544 A.2d 50. In asbestos litigation, plaintiff must present evidence that he inhaled asbestos fibers shed by defendant's product. *Id.* In *Wilson v. A.P. Green Industries, Inc.*, 807 A.2d 922 (Pa.Super.2002), we stated, "[i]deally, a plaintiff ... will be able to directly testify that plaintiff breathed in asbestos fibers and that those fibers came from defendant's product." *Id.* at 924. Without such direct evidence, plaintiff must rely on circumstantial evidence of exposure; specifically, plaintiff must meet the *Eckenrod* test. *Id.* (emphasis added).

¶ 5 In the present case, Appellant was able to testify and stated that he worked with Appellees' products and inhaled fibers from these products. The

question as to whether there was sufficient regularity and frequency so as to cause Appellant's injury is a question for the jury. *Wilson,* 807 A.2d 922.

■ ¶ 6 Because Appellant provided direct testimony, the *Eckenrod* test was not applicable. We therefore find that the trial court erred in applying the *Eckenrod* test. Accordingly, the orders dated November 21, 2002, granting summary judgment in favor of Monsey and IPA are reversed.

¶ 7 Judgments vacated. Case remanded. Jurisdiction relinquished.

¶ 8 BECK, J., files a concurring statement.

BECK, J., Concurring.

¶ 1 I concur in the result reached by the majority because the record reveals that appellant produced sufficient evidence of product identification to overcome the motion for summary judgment. In this case, appellant himself was able to provide direct evidence of identification, and thus circumstantial evidence was not required. "Whether direct or circumstantial evidence is relied upon, our inquiry, under a motion for summary judgment, must be whether plaintiff has pointed to sufficient material facts in the record to indicate that there is a genuine issue of material fact as to the causation" of the plaintiff's disease. *Eckenrod v. GAF Corp.,* 375 Pa.Super. 187, 544 A.2d 50, 53 (1988). In this case, I find the general principles of *Eckenrod* applicable. Where appellant himself testified about his exposure to the appellees' products and provided sufficient evidence of product identification, the trial court's grant of summary judgment was error.