

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2008

# Jesensky v. A Best Products

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3102

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jesensky v. A Best Products" (2008). *2008 Decisions.* Paper 854.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/854

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3102

KAREN JESENSKY and ANTHONY JESENSKY her husband,
Appellants

v.

A-BEST PRODUCTS, in its own right and as
successor-in-interest to Asbestos Products Company;
NICHIAS CO.; SAFETY-FIRST INDUSTRIES, INC.
in its own right and as successor-in-interest to Safety First Supply, Inc.;
ALLIED GLOVE CORP.; NORTH AMERICAN REFRACTORIES;
GENERAL REFRACTORIES COMPANY;
DRESSER INDUSTRIES, INC. and its division Harbison-Walker Refractories;
CHICAGO FIREBRICK COMPANY; PLIBRICO COMPANY;
*THIEM CORPORATION and its division, Universal Refractories;
OGLEBAY NORTON COMPANY and its division, Ferro Engineering;
FOSECO, INC.; SEEGOTT, INC.; HEDMAN MINES, LTD;
INSUL COMPANY, INC; PITTSBURGH METALS PURIFYING COMPANY;
PETERSON CANVAS PRODUCTS; ANCHOR PACKING; GARLOCK, INC.;
ARGO PACKING COMPANY; DURAMETALLIC CORP.;
DURABLA MANUFACTURING COMPANY in its own right
and as successor to Durabla Canada, Ltd.;
GOODYEAR TIRE & RUBBER COMPANY, INC.;
UNIROYAL, INC. also known as
THE UNIROYAL GOODRICH TIRE COMPANY;
BIGELOW-LIPTAK CORPORATION;
BEAZER EAST, INC. in its own right and as successor to
Koppers Co., Inc., and other related companies including
Thiem Corp., Beazer USA, Inc., and Beazer, PLC;
GRANT WILSON, INC; PITTSBURGH CORNING CORPORATION;
OWENS-CORNING FIBERGLAS CORPORATION;
THE ROCKWOOL MANFACTURING COMPANY;
ADIENCE, INC. sucessor-in-interest to
Adience Company, LP, as successor to BMI, Inc.;

THE MARMON GROUP, INC. in its own right and successor-in-interest to
the Cerro-Marmon Corp., Cerro Corp., Cerro Wire & Cable Co., Inc.,
The Rockbestos Co. and The Rockbestos Products Corp.;
*GATEWAY INDUSTRIAL SUPPLY; F.B. WRIGHT COMPANY, INC.;
RAPID-AMERICAN CORP. in its own right and as successor-in-interest to
The Philip Carey Manufacturing Company, Philip Carey Corporation, Briggs
Manufacturing Company, Panacon Company and Glen Alden Corporation;
GEORGE V. HAMILTON, INC.; TOWNSEND & BOTTUM, INC.;
AC&S, INC.; SAUER, INC.; HINCHLIFFE & KEENER, INC.;
ROBERTSON CECO CORPORATION,
formerly known as H.H. ROBERTSON COMPANY;
H.B. FULLER COMPANY in its own right
and its division Foster Products Corporation;
ASBESTOSPRAY CORPORATION;
UNITED STATES MINERAL PRODUCTS COMPANY;
W.R. GRACE COMPANY in its own right
and as successor to Zonolite Company;
ATLAS INDUSTRIES, INC.;
EARL B. BEACH COMPANY also known as
THE EARL B. BEACH CO. OF PHILADELPHIA also known as
THE EARL B. BEACH CO. OF PHILADELPHIA, PLC;
FLINTKOTE COMPANY; GENERAL MOTORS CORPORATION;
GENERAL ELECTRIC COMPANY and its Wire & Cable Division;
WESTINGHOUSE ELECTRIC CORPORATION;
GREENE TWEED & COMPANY; INGERSOLL-RAND;
M.H. DETRICK COMPANY subsidiary of Detrick Companies, Inc.;
QUAKER STATE CORPORATION; RILEY STOKER CORPORATION;
UNION BOILER COMPANY; FOSTER WHEELER CORPORATION;
SEPCO CORPORATION; McCARLS, INC.;
PENNSYLVANIA ELECRIC COMPANY;
INDUSTRIAL INSULATION SALES, INC.;
CONGOLEUM CORPORATION a subsidiary of American Biltrite, Inc.;
THE CARBORUNDUM COMPANY; DUQUESNE LIGHT COMPANY;
FAIRMONT SUPPLY COMPANY; RUTLAND FIRE CLAY SUPPLY COMPANY;
COOPER INDUSTRIES, INC. in its own right and as successor-in-interest to
McGraw-Edison, Co., Wagner Electric Corp., Studebaker Worthington, Inc.,
Edison International, Inc., and Tung Sol Electric, Inc.;
PENNSYLVANIA INDUSTRIAL SUPPLIES COMPANY;
J.H. FRANCE REFRACTORIES COMPANY

2

*Per Clerk's Order of 1/5/07

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 96-cv-0680
(Honorable Ila Jeanne Sensenich)

Argued April 17, 2008
Before: SCIRICA, *Chief Judge*, AMBRO and FISHER, *Circuit Judges*.

(Filed   July 11, 2008  )

David B. Rodes, Esquire (Argued)
Jason T. Shipp, Esquire
Goldberg, Persky & White
1030 Fifth Avenue, Third Floor
Pittsburgh, Pennsylvania 15219
     Attorneys for Appellants

David P. Helwig, Esquire (Argued)
Marks, O'Neill, O'Brien & Courtney
2600 Gulf Tower
707 Grant Street
Pittsburgh, Pennsylvania 15219
     Attorney for Appellee McCarl's, Inc.

Cathy R. Gordon, Esquire (Argued)
Swartz Campbell, LLC
4750 U.S. Steel Tower
600 Grant Street
Pittsburgh, Pennsylvania 15219
     Attorney for Appellee Duquesne Light Company

Mark A. Behrens, Esquire
Shook, Hardy & Bacon
600 14th Street, N.W., Suite 800
Washington, D.C. 20005
     Attorney for Amici Curiae-Appellee

3

The Coalition for Litigation Justice, Inc.,
Chamber of Commerce of the United States of America,
National Association of Manufactures,
American Insurance Association,
Property Casualty Insurers Association of America,
American Chemistry Council

---

## OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Appellant Karen Jesensky[1] asserts claims for injuries allegedly suffered as a result of exposure to asbestos fibers her father inadvertently carried home from his workplace. The District Court granted summary judgment in favor of defendants McCarl's, Inc. and Duquesne Light Company. We will affirm.

Eugene Schirra, a union steam fitter and pipe fitter for nearly thirty years, worked as a contractor at several industrial sites. During that time period, his daughter, Karen Jesensky, regularly loaned her car to him for a work carpool, picked him up from his bus stop after work, and washed his work clothes. In late 1994 or early 1995, Jesensky was diagnosed with mesothelioma, seriously impairing her health.

Jesensky filed claims against sixty-nine defendants in the Pennsylvania Court of Common Pleas. She alleged her mesothelioma was caused by secondhand exposure to

---

[1]Jesensky's husband also asserts claims relating to the injuries sustained by Karen Jesensky.

asbestos products present at her father's workplaces. Most of the defendants were manufacturers or suppliers of asbestos products.[2]

Two defendants – McCarl's and Duquesne Light – were neither manufacturers nor suppliers of asbestos products. Jesensky's claims against McCarl's allegedly arise out of a four-month period during which McCarl's employed Schirra at Babcock & Wilcox's steel mill in Koppel, Pennsylvania. Jesensky's claims against Duquesne Light Company arise out of a four-year period in which Schirra worked at the Shippingport Atomic Power Station. The Shippingport power plant, which used a nuclear reactor as a source for generating commercial electricity, was overseen by the Atomic Energy Commission ("AEC") in exercise of its authority under the Atomic Energy Act of 1954, as amended, 42 U.S.C. § 2011 *et seq*. Duquesne Light Company contracted with the AEC to participate in the construction and operation of the power plant. Schirra worked at the Shippingport power plant as an independent contractor of Duquesne Light Company.

Jesensky's complaint, originally filed in the Pennsylvania Court of Common Pleas, was removed by Duquesne Light under the federal officer removal statute, 28 U.S.C. §

---

[2]Jesensky's claims against most of these defendants were either settled or dismissed in state court for Jesensky's failure to proffer evidence showing that her father was in contact with particular products. *See Eckenrod v. GAF Corp.*, 544 A.2d 50, 52 (Pa. Super. Ct. 1988) (to survive a motion for summary judgment in an asbestos case, a plaintiff must establish that injuries were caused by the product of a particular manufacturer or supplier and must present evidence to show that he/she inhaled asbestos fibers shed by the specific product).

1442(a)(1).[3]  In District Court, Duquesne Light moved for summary judgment, contending that Jesensky's complaint failed to properly plead a claim, and if a claim had been properly pleaded, that it owed no duty to Jesensky under Pennsylvania law.  The Magistrate Judge interpreted Jesensky's complaint as asserting a claim of negligence, predicated on a premises liability theory, without discussing the sufficiency of the pleadings.  Reaching the merits, the Magistrate Judge recommended granting Duquesne Light's motion, finding the company owed Jesensky no duty under Pennsylvania law.  The District Court, adopting the Magistrate Judge's Report and Recommendation, granted summary judgment in favor of Duquesne Light Company without further comment.

McCarl's also moved for summary judgment in District Court, contending that it had not been identified as a source of any asbestos exposure that allegedly injured Jesensky.  The Magistrate Judge, finding that Jesensky had not alleged any facts to support a negligence claim against McCarl's and indicating that no such claim could be

---

[3]Removal under 28 U.S.C. § 1442(a)(1) is proper if the moving party: (1) demonstrates that it acted under the direction of an officer of the United States; (2) demonstrates a causal nexus between Plaintiffs' claims and the acts it performed under color of federal office; and (3) raises a colorable federal defense. *See Mesa v. California*, 489 U.S. 121, 124-35 (1989).  Duquesne Light Company contends removal was proper here because, in constructing and operating the Shippingport power plant, it: (1) acted under the supervision and specific direction of Rear Admiral H.G. Rickover, Director of the Division of Naval Reactors of the AEC and his assigned officers; (2) followed Admiral Rickover's express orders in designing, constructing and operating the plant; and (3) indicated its intent to pursue the "government contractor defense" articulated in *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988).  Jesensky contends removal was improper and seeks remand to state court.

found in the pleadings, recommended granting McCarl's summary judgment motion.[4] The District Court granted summary judgment in favor of McCarl's without further comment.

The District Court was correct to dismiss Jesensky's claims against McCarl's based on the insufficiency of the pleadings, and the same reasoning is dispositive as to the claims against Duquesne Light. In the briefs, Jesensky characterizes the complaint as asserting a claim for negligence based on the company's "failure to warn" of the dangers of the asbestos products used at its facility. *See*, *e.g.,* Jesensky Br. at 11 ("Although the Complaint in the present action is couched in terms principally applicable to product defendants, the essential claim against Duquesne Light is predicated on its failure to warn or otherwise protect Mr. Schirra, and thus derivatively Ms. Jesensky, against off-premises transportation of asbestos fibers."). At oral argument, Jesensky noted "the essence of our theory was that it was a negligence premises liability case."

These state law claims are absent from Jesensky's complaint. On its face, the complaint is void of any reference to a premises liability claim or "failure to warn" theory.[5] At oral argument, Jesensky conceded the complaint's deficiency, stating: "it's

_____

[4]The Magistrate Judge issued a Supplemental Report and Recommendation on the motion by McCarl's following Jesensky's filing of objections to the Magistrate Judge's initial Report and Recommendation.

[5]The complaint alleges, in part:
[¶] 7.        Defendants, at all times relevant and pertinent hereto, were
                engaged in the business of mining and/or milling and/or
                                                                (continued...)

7

true that that's not how we pled it; it was an inartful pleading." Moreover, Jesensky admitted at oral argument that the complaint "should have been amended . . . ."

Even so, Jesensky has not submitted a proposed amended complaint on this appeal. And there is no record of her having ever prepared or submitted a proposed amended complaint in the past. In a lawsuit that now dates back twelve years, we decline to permit

---

[5](...continued)
manufacturing and/or fabricating and/or supplying and/or selling asbestos-containing products to which plaintiff was exposed. Specifically, in the case of defendant Foster Wheeler Corporation, this includes the utilization of asbestos-containing products in the construction and/or reconstruction and/or repair of boilers in powerhouses, industrial facilities and elsewhere.

. . .

[¶] 10.   Plaintiff's diseases [sic] as set forth herein with associated complications was [sic] directly and proximately caused by the acts of the defendants acting through their agents, servants and employees and the defendants are liable therefore, jointly and severally, to the plaintiff for their negligence, breach of warranty and as a result of the strict duty and liability imposed under Section 402A of the Restatement (Second) of Torts.

[¶] 11.   The defendants mined and/or milled and/or manufactured and/or fabricated and/or supplied and/or sold products which they knew were defective and/or unreasonably dangerous to the user or consumer, such as plaintiff, and acted in such a manner which was willful, wanton, gross and in total disregard for the health and safety of the user or consumer, i.e., plaintiff.

amendment of the pleadings where the plaintiff has never moved to amend her complaint nor offered any explanation for her failure to do so.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in favor of Duquesne Light Company and McCarl's. Accordingly, the Jesenskys' claims against both defendants are dismissed without leave to amend.

9