J-S15018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JASON WHEELER, ADMINISTRATOR OF THE ESTATE OF JOHN M. WHEELER, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 744 EDA 2021 |
| | : | |
| BELDEN WIRE & CABLE COMPANY BF GOODRICH COMPANY BUCYRUS INTERNATIONAL BRAND INSULATION, INC.  CBS CORPORATION, FORMERLY WESTINGHOUSE ELECTRIC CORP. CRANE COMPANY CROUSE HINDS N/K/A COOPER CROUSE-HIND EATON CORPORATION FERRO ENGINEERING FOSECO, INC. FOSTER WHEELER, LLC GENERAL ELECTRIC COMPANY GOODYEAR TIRE AND RUBBER COMPANY GRAYBAR ELECTRIC COMPANY, INC. GREENE, TWEEK & COMPANY GTE PRODUCTS OF CONNECTICUT CORPORATION HAJOCA CORPORATION HARNISCHFEGER CORP. C/O CT CORP. HONEYWELL CORPORATION A.O. SMITH CORPORATION INGERSOLL RAND & COMPANY J.H. FRANCE REFRACTORIES COMPANY LAMONS GASKETS METROPOLITAN LIFE INSURANCE COMPANY MINNESOTA MINING AND MANUFACTURING PECORA CORPORATION PNEUMP ABEX, LLC ROCK BESTOS COMPANY C/O U.S. CORPORATION COMPANY ROYAL ELECTRIC SUPPLY COMPANY SAGER CORPORATION ACCO CHAIN AND LIFTING SHEPARD NILES SID | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | |

HARVEY MID ATLANTIC, INC.  SOS      :
PRODUCTS COMPANY SQUARE D          :
COMPANY SHEPARD NILES TEREX        :
CORP USX CORPORATION WHITING       :
INTERNATIONAL ALLEN BRADLEY        :
COMPANY ALLEN SHERMAN HOFF         :
ALLIED GLOVE CORPORATION           :
ATLANTIC CRANES BEAZER EAST        :
(F/K/A KOPPERS) C/O THREE RIVERS   :
MANAGEMENT                         :

Appeal from the Order Entered March 26, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at July Term, 2016 No. 2344

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 23, 2022**

Jason Wheeler (Appellant), administrator of the Estate of John M. Wheeler (Mr. Wheeler), deceased, appeals from the order entering summary judgment in favor of Defendant/Appellee, United States Steel (USX), in this asbestos exposure action.  We affirm.

The trial court summarized the relevant facts and procedural history as follows:

> [Mr. Wheeler] worked as a millwright at the USX plant in Fairless Hills, Pennsylvania from January 1, 1967 to December 31, 1991.
>
> According to a coworker, when he first met Mr. Wheeler in 1972, they were both working 90 percent of the time in the sintering plant and 10 percent at the blast furnace at the Fairless Hills location.  The coworker, Richard Funk, testified that [he believed] he and Mr. Wheeler were exposed to asbestos in tape, hoses wrapped in asbestos, gaskets, packing, braided steel rope wrapped with asbestos-impregnated rags and a bucket conveyor.  Mr. Funk could recall the names of only three products that he testified contained asbestos:  Garlock packing, Garlock gaskets

- 2 -

and Crane valves. He testified that he knew that the packing and gaskets contained asbestos because he "could see it."

Another coworker, Joseph Varano, testified that he saw Mr. Wheeler handle brake shoes at the Fairless Hills plant during the mid-1970s. Mr. Varano further testified that he believed the brake shoes contained asbestos because of the heat they had to withstand. He said that Mr. Wheeler was exposed to asbestos because as the brakes wore, they created a significant amount of dust.

William McLean, a former employee of Crane, testified that he designed valves that incorporated packing material and gaskets that contained asbestos. He also testified that Crane sold packing material and gaskets that contained asbestos independent of the valves he designed. Clayton Jewitt, a retired Garlock employee, testified that company produced gaskets and packing material that contained asbestos.

Trial Court Opinion, 7/15/21, at 1-3 (record citations and footnote omitted).

On July 22, 2016, Mr. Wheeler filed the underlying complaint against 45 defendants.[1] In his complaint, Mr. Wheeler made the following allegations against USX:

[Mr. Wheeler's] work history is as follows:

    (a)   From 01/01/67 to 12/31/91 — [USX] (Fairless Hills, PA)

* * *

[Mr. Wheeler] was exposed to asbestos at [Fairless Hills].

* * *

---

[1] With respect to the 44 non-USX defendants, Appellant settled some claims, and the trial court granted motions for summary judgment in others (which Appellant did not appeal). **See** Response to Rule to Show Cause, 7/8/21 at 1-2 (unnumbered).

> USX knew of the hazards of asbestos and failed to protect or warn [Mr. Wheeler] of the hazards as an employer should have done.

Complaint, 7/22/16, at ¶¶ 6, 7, and 10(ah). Mr. Wheeler claimed he developed lung cancer as a result of his exposure to asbestos. *See id.* ¶ 13. However, Mr. Wheeler also admitted he was a heavy smoker during the relevant period. *See id.* at ¶ 4. Mr. Wheeler died on November 24, 2016; his counsel did not depose Mr. Wheeler prior to his death.[2] *See* Trial Court Opinion, 7/15/21, at 3 n.2; USX's Brief at 2 n.1.

Following the close of discovery, USX filed a motion for summary judgment; Appellant filed a response. In its motion, USX averred Appellant "failed to establish a *prima facie* case of negligence by failing to establish the existence of a duty or alleged breach on the part of [USX] and have not provided legally sufficient evidence of exposure to asbestos by Mr. Wheeler at [USX]." Motion for Summary Judgment, 9/15/20, at 2.

On March 23, 2021, the trial court granted USX's motion. Appellant filed a timely notice of appeal and both Appellant and the trial court complied with Pa.R.A.P. 1925. On August 13, 2021, Appellant requested remand to the trial court for the filing on an amended Rule 1925(b) statement. We granted the request on September 15, 2021. Appellant filed an amended Rule 1925(b)

---

[2] On January 5, 2021, the trial court issued an order granting the motion to substitute Appellant as plaintiff. *See* Trial Court Opinion, 7/15/21, at 3 n.2.

statement, and on December 8, 2021, the trial court issued a supplemental opinion.

Appellant presents the following issues for review:

1. Did the [trial] court commit an error of law in holding that an employee was not a business invitee?

2. Did the [trial] court commit an error of law by holding that [Appellant] had to prove specific asbestos product exposures at the USX workplace to hold USX liable?

3. Did the [trial] court commit an error of law by *sua sponte* excluding some [of Appellant's] documentary evidence as not authenticated?

4. Did the [trial] court commit an error of law by requiring [Appellant's] expert to use "magic words" in his report such as "standard of care" and "negligent"?

Appellant's Brief at 5 (reordered).

Our standard of review is well-settled. This Court

may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. … Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Thompson v. Ginkel***, 95 A.3d 900, 904 (Pa. Super. 2014) (citation omitted).

Because Appellant bases his allegations of negligence on USX's status as a landowner, his claims cannot be analyzed under the standard set forth in

*Eckenrod v. GAF Corp.*, 544 A.2d 50, 52 (Pa. Super. 1988), for the resolution of strict liability against an asbestos manufacturer.[3] *Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643, 654 (Pa. Super. 2002) ("[I]t is readily apparent that [appellant's] claims against Appellee based on its status as a landowner cannot be analyzed under the standard set forth in *Eckenrod* for the resolution of strict liability claims against an asbestos manufacturer."). To recover damages in a negligence action, as opposed to obtaining recovery on a strict liability asbestos claim, a plaintiff must establish that a particular defendant's negligence was the proximate cause of his or her injuries. *Id.*

Further, for premises liability to attach, Appellant must first establish that the defendant was a possessor of the site. *Rudy v. A-Best Products Co.*, 870 A.2d 330, 333 (Pa. Super. 2005); Restatement (2d) of Torts, § 328E. Here, USX has not disputed it was the sole possessor of the land. *See* USX's Brief at 19-32.

The standard of care a possessor of land owes to one who enters upon the land depends upon whether the latter is a trespasser, licensee, or invitee. *Gutteridge*, 804 A.2d at 655. In his first issue, Appellant argues that "an employee is a business invitee of the employer." Appellant's Brief at 22; *see*

---

[3] In its initial Rule 1925(a) opinion, the trial court erroneously analyzed this case under the *Eckenrod* standard. *See* Trial Court Opinion, 7/15/21, at 6-7. The error was harmless, as the court rectified the error and provided analysis under the common-law negligence standard in its supplemental Rule 1925(a) opinion. Trial Court Opinion, 12/8/21, at 3-4.

*also id.* at 22-26. However, Appellant subsequently abandons this claim, stating:

> Although [Appellant] argued in his Pa.R.A.P. 1925(b) statement that under [the Pennsylvania Supreme Court's decision in ***Tooey v. AK Steel Corp.***, 81 A.3d 851, 855 (Pa. 2013)] an employee is a business invitee to whom the employer owes the "highest duty of care," [Appellant] acknowledges that the Pennsylvania Supreme Court has not so held. Since the evidence is this case is more than enough to prove a *prima facie* case of ordinary negligence against employer USX, [Appellant] has concluded that this case is not an appropriate vehicle to argue the "highest duty" standard applied.

*Id.* at 43 n.15. Accordingly, we need not address this issue further.

In his second issue, Appellant challenges the trial court's determination that he failed to establish "a *prima facie* case of negligence against defendant USX." *Id.* at 38; *see also id.* at 38-52. We disagree.

In ***Tooey***, *supra*, our Supreme Court held:

> Employers, like any other entity not covered by the [Worker's Compensation] Act, will be subject **to traditional tort liability requiring a showing by the plaintiff of,** *inter alia*, **negligence on the part of the employer, and employers will retain all of their common law defenses**. **Plaintiffs, in turn, will bear the higher burden of proof in terms of causation and liability.**

***Tooey***, 81 A.3d at 865 (emphasis added). To make a *prima facie* case of negligence, Appellant must establish: (1) duty; (2) breach of duty; (3) a causal connection between the breach of duty and injury; and (4) actual loss or damages that result from the breach. *See **Gutteridge***, 804 A.2d at 654.

Here, the trial court referenced its original opinion, stating:

Mr. Wheeler relied on improperly speculative testimony by two co-workers and an expert report that was devoid of any opinion regarding USX's negligence. (See 1925(a) Opinion, §§ II.B-C). [Appellant] therefore failed to submit evidence of either general exposure to asbestos or exposure to specific asbestos products. Therefore, [Appellant] would not survive summary judgment under either the **Eckenrod** product liability standard or the **Tooey** negligence standard.

Trial Court Opinion, 12/8/21, at 4.

In its initial opinion, the trial court discussed the relevant law and evidence provided by Appellant as follows:

It is hornbook law that the testimony of all witnesses must be based on personal knowledge. Pa.R.Evid. 602. Rule 701 of The Pennsylvania Rules of Evidence permits witnesses not testifying as experts to give opinions but only if those opinions are "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge[.]" Pa.R.Evid. 701(a) and (c).

Courts have regularly applied these principles in asbestos cases. **See**, **e.g.**, **Gibson v. Workers' Comp. Appeal Bd (Armco Stainless & Alloy Prods.)**, 861 A.2d 938, 946 (Pa. 2004) (testimony of a co-worker who stated he had seen a substance he "believed" to be asbestos at the factory where he and the claimant had worked insufficient to establish asbestos existed in the workplace); **Samarin v. GAF Corp.**, 571 A.2d 398, 403-404, 409 (Pa. Super. 1989) (witness's testimony regarding a material's high heat application insufficient to support the conclusion that a product contained asbestos); **Bushless v. GAF Corp.**, 585 A.2d 496, 503 (Pa. Super. 1990) (statement that a person knew a product contained asbestos from his years of experience and because of the product's ability to withstand high temperature insufficient to create an issue of material fact that the product contained asbestos).

The testimony in these cases contrasts with matters in which a coworker testified he knew a product contained asbestos because it was labeled as containing asbestos. **See**, **e.g.**, **Harahan v. AC&S, Inc.**, 816 A.2d 296, 298 (Pa. Super. 2003). It should be noted that neither Mr. Funk nor Mr. Varano gave any testimony

that they saw any product Mr. Wheeler worked with or around labeled as containing asbestos.

* * *

In this case, neither one of Mr. Wheeler's coworkers testified that they had personal knowledge of the presence of asbestos in the Fairless Hills plant at the time Mr. Wheeler worked there. Mr. Funk testified that he knew that the packing and gaskets at the plant contained asbestos because he "could see it." (Funk Tr. at 158:16-20; 169:21-24.) He provided no basis, however, for this testimony. Similarly, Mr. Varano testified that he "believed" the brake shoes at the plant contained asbestos because of the heat they had to withstand and because they created a significant amount of dust. (Varano Tr. at 46:5-47:22.) Again, he failed to present any foundation for this opinion. Under **Gibson**, **Krauss** [**v. Trane**, 104 A.3d 556, 568 (Pa. Super. 2014) (co-worker's opinion based on his "knowledge and belief" that products decedent worked with contained asbestos was insufficient evidence to survive motion for summary judgment)], **Samarin** and **Bushless**, **supra**, [trial c]ourt correctly determined that the proffered evidence was insufficient to create an issue of fact that Mr. Wheeler was exposed to asbestos at the Fairless Hills plant.

Trial Court Opinion, 7/15/21, at 8-10 (footnote omitted).

Thus, the trial court focused on causation, and found Appellant failed to prove a causal connection. The record and law supports the court's conclusion that the testimony of Mr. Wheeler's co-workers was not sufficient to survive summary judgment. **See Samarin**, 571 A.2d at 403-404, 409. Appellant's second issue does not merit relief.

In his third issue, Appellant claims the trial court, "erred by *sua sponte* excluding documentary evidence [Appellant] offered against USX without

- 9 -

providing [Appellant] an opportunity to respond."[4]  Appellant's Brief at 25;

*see also id.* at 25-38.  We disagree.

Decisions regarding admissibility of evidence "are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law.  In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party."  *Phillips v. Lock*, 86 A.3d 906, 920 (Pa. Super. 2014) (citation omitted).  In opposing a motion for summary judgment, the party must identify "evidence in the record" showing a genuine dispute of material fact.  *See* Pa.R.C.P. 1035.3.  The Rules of Civil Procedure define "record" as pleadings, depositions, answers to interrogatories, admissions, affidavits, and

_____

[4] Appellant fails to identify the documents he believes were wrongly excluded. Appellant attached over 300 pages of exhibits to his response to USX's motion for summary judgment.  As the trial court correctly observed, many of the exhibits are illegible.  Trial Court Opinion, 7/15/21, at 2 n.2.  It is not this Court's responsibility to comb through the record seeking the factual underpinnings of Appellant's claim.  *Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. 1997) ("In a record containing thousands of pages, this court will not search every page to substantiate a party's incomplete argument").

Appellant also devotes four pages of argument on this issue to a claim that the trial court "erred in determining the USX documents were inauthentic." Appellant's Brief at 34; *see also id.* at 34-38.  Appellant fails to identify when or where the trial court the unspecified documents to be "inauthentic."  We have not located any such finding.  Also, in its opinions, the trial court indicates the documents were not properly **authenticated**, which is different from a finding that the documents "were inauthentic."  *See* Trial Court Opinion, 7/15/21, at 2-3 n.1; Trial Court Opinion, 12/8/21, at 5-6.

signed expert witness reports. Pa.R.C.P. 1035.1. Pennsylvania Rule of Evidence 901 states: "Unless stipulated, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). Thus, it was Appellant's responsibility to ensure the documents he appended to his response were legible, properly verified, and authenticated. The record reflects he did. **See** Answer to Motion for Summary Judgment, 1/6/21, at Exhibits A-DD; Trial Court Opinion, 7/15/21, at 2-3 n.1.

We have held that a trial court may exclude inadmissible evidence *sua sponte*. **In re R.T.**, 778 A.2d 670, 683 (Pa. Super. 2001) (affirming trial court's *sua sponte* ruling that certain testimony was inadmissible hearsay). We have also upheld a trial court's refusal to consider evidence raised in opposition to a motion for summary judgment when the evidence was unauthenticated, unsworn, or unverified.

In **Welsh v. National Railroad Passengers Corp.**, 154 A.3d 386 (Pa. Super. 2017), the appellant challenged the trial court's failure to consider several unsworn affidavits and unauthenticated photographs he submitted in response to appellee's motion for summary judgment. **Welsh**, 154 A.3d at 390, 395. This Court affirmed the grant of summary judgment, and specifically upheld the trial court's exclusion of the inadmissible evidence. **Id.** at 391, 396. With respect to the unsworn affidavits, we said:

- 11 -

Therefore, because the statements do not comply with the requirements to be considered an affidavit, and the rules do not allow consideration of signed statements, the trial court committed no abuse of discretion or error of law in refusing to consider them. [The appellant] is not entitled to relief on this issue.

*Id.* at 391. As to the unauthenticated photographs, we observed:

Additionally, the trial court correctly rejected the use of the scene photographs as being unauthenticated. The photographs were not found in the certified record prior to their attachment to [the appellant's] response to the motion for summary judgment. Nothing in the response to the motion for summary judgment explains the provenance of the photos. Accordingly, the trial court did not err in rejecting them.

*Id.* at 396.

Likewise, in *Botkin v. Metropolitan Life Ins. Co.*, 907 A.2d 641 (Pa. Super. 2006), the trial court refused to consider evidence appended by the appellant in response to a motion for summary judgment, finding that some of the evidence was not properly verified, and deeming other proposed evidence to be inadmissible hearsay. *Botkin*, 907 A.2d at 644, 648. Again, we affirmed the grant of summary judgment. We concluded, "absent verification … the answers to interrogatories create no dispute as to a material issue of fact in assessing the merits of granting Appellees' motion for summary judgment." *Id.* at 648 (citation omitted). We reaffirmed "that a motion for summary judgment cannot be supported or defeated by statements that include inadmissible hearsay evidence." *Id.* at 649 (citation omitted). *See also Conner v. Duffy*, 652 A.2d 372, 374 (Pa. Super. 1994) (trial court

"properly excluded" unverified inadmissible evidence as "inappropriate for review on summary judgment." (footnote omitted)).

Here, the trial court stated, "the rules nowhere permit a responding party to rely on unauthenticated documents. … The [trial c]ourt was not required to accept [Appellant's] unauthenticated documents, regardless of whether USX objected to the documents or not."[5] Trial Court Opinion, 12/8/21, at 5 (citations omitted). Upon review, the record supports the trial court's finding that the documents in question were not authenticated. Therefore, we discern no abuse of discretion or error of law in the trial court's decision to exclude them from consideration in deciding the motion for summary judgment. *See Welsh*, at 396. Appellant's third issue does not merit relief.

In his fourth and final issue, Appellant maintains the trial court erred in failing to credit the report of his expert, Dr. Arthur Frank, because Dr. Frank did not use "'magic words' such as 'standard of care' or 'negligent' in his report." Appellant's Brief at 52. In in the body of his argument, however, Appellant abandons this claim, admitting that the trial court rejected Dr.

---

[5] Appellant argues the documents were admissible as "ancient" documents pursuant to Pa.R.E. 901(b)(8). Again, Appellant fails to identify the documents. Also, even he had identified the documents, the claim is waived because Appellant raised it for the first time in his amended Rule 1925(b) statement. *Cabot Oil and Gas Corp. v. Speer*, 241 A.3d 1191, 1196 (Pa. Super. 2020) (appellant cannot raise issues for first time in Rule 1925(b) statement); *see also* Amended Rule 1925(b) Statement, 9/21/21, at 2; Trial Court Opinion, 12/8/21, at 5-6.

Frank's report because it failed to discuss "USX's knowledge of asbestos at its facilities." *Id.* at 54 (citation omitted). Appellant offers alternative arguments, including that USX knew or should have known of the hazards of asbestos because the Pennsylvania Legislature included it in the Occupational Disease Act of 1939, 77 P.S. § 1201. *Id.* at 54. Appellant also maintains the trial court "ignores the lengthy discussion of the state of the art in Dr. Frank's affidavit." *Id.* at 55 (citation omitted). Lastly, Appellant contends there "was no need for Dr. Frank to break down Mr. Wheeler's asbestos exposure into component parts to be compared with the whole exposure because USX was responsible for the whole exposure." *Id.* at 56-57 (footnote omitted). Appellant waived these arguments.

> Pa.R.A.P. 1925(b) provides that a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal [ ]." Rule 1925 also states that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In ***Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." ***Lord***, 719 A.2d at 309. This Court has held that [o]ur Supreme Court intended the holding in ***Lord*** to operate as a bright-line rule, such that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.

***U.S. Bank, N.A. v. Hua***, 193 A.3d 994, 996-97 (Pa. Super. 2018) (some citations omitted).

While Appellant advanced several theories in his amended Rule 1925(b) statement as to why the trial court should have found that Dr. Frank's report sufficiently linked his lung cancer to exposure at USX, they are not the theories Appellant advances in his appellate brief. **See** Amended Pa.R.A.P. 1925(b) Statement, 9/21/21, at 4-5; Appellant's Brief at 52-57. Consequently, the trial court did not address them. **See** Supplemental Opinion, 12/8/21, at 6-7. We therefore conclude Appellant waived his fourth issue.[6]

For the reasons discussed above, the trial court neither abused its discretion nor committed an error of law in granting USX's motion for summary judgment. Accordingly, we affirm.

Order affirmed.

Judge Nichols and Judge Sullivan concur in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/23/2022*

---

[6] Appellant further waived these arguments because they "are not included in [Appellant's] statement of the question involved or fairly suggested by it." **See** Appellant's Brief at 5; **see also** Pa.R.A.P. 2116(a).